Argued and submitted May 10, 2000, decision of Court of Appeals and judgment of circuit court affirmed in part and reversed in part, and case remanded to circuit court for further proceedings February 7, 2002

## STATE OF OREGON,
*Respondent / Petitioner on Review,*

*v.*

## BYRON FRANKLIN BARNUM,
*Petitioner / Respondent on Review.*

(CC 92CR0200; CA A96131; SC S45983, S46255)
(Consolidated for Argument and Opinion)

39 P3d 178

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause and filed the briefs for petitioner/respondent on review. With him on the briefs was David E. Groom, State Public Defender.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause and filed the briefs for respondent/petitioner on review. With him on the briefs were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

** Van Hoomissen, J., retired December 31, 2000, and did not participate in the decision of this case; Kulongoski, J., resigned June 14, 2001, and did not participate in the decision of this case; De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

RIGGS, J.

## RIGGS, J.

This criminal proceeding, in which defendant was convicted of two counts of burglary and one count of arson after a trial to the court, presents three issues for review. The first is whether the trial court properly admitted evidence of defendant's prior crimes to prove that he committed the crimes charged in this matter. The second is whether the trial court erred in convicting defendant of two burglaries. The third is whether, assuming that defendant properly was convicted of two burglaries, the trial court erred in punishing him for each separately. The Court of Appeals held that the trial court did not err in admitting the evidence, but that it had erred by convicting the defendant of and punishing him for two burglaries. *State v. Barnum*, 157 Or App 68, 970 P2d 1214 (1998). For the reasons that follow, we affirm in part and reverse in part the decision of the Court of Appeals.

■ Given the trial court's finding of guilt, we view the evidence in the light most favorable to the state. *See State v. Brown*, 310 Or 347, 350, 800 P2d 259 (1990) (reviewing jury verdict).

The victim was a claims representative for an insurance company. Defendant had been involved in a traffic accident with a person whom the victim's company insured. While processing defendant's claim, the victim communicated with defendant solely by telephone and mail. At some point, defendant became angry with the victim, because of a disagreement concerning defendant's insurance claim.

In letters to and conversations with the victim, defendant mentioned information about numerous matters about which he should not have known, including details about the insured, the insurance business, and the victim herself. That information was contained in the victim's files, and she had not revealed it to defendant. At some point, the victim discovered evidence that someone had burglarized her office.[1] At the time of the burglary, she already had noted her vacation plans on her office calendar.

---

[1] A few months earlier, defendant had been arrested while burglarizing a doctor's office, at which time he was carrying specialized burglary tools.

A few months thereafter, while the victim was away on her scheduled vacation, an arsonist set fire to her home using gasoline and other substances taken from her garage. The arsonist had removed clothing from her dresser drawers, stuffed the drawers with paper, and lit the paper. In fact, several different fires had been started around the home. The victim had left her Social Security card, house keys, and a credit card (along with its PIN number) at home. The keys were missing and someone used the credit card to withdraw $400 cash during her vacation.

On the same day as the fire, the victim's fire insurance company received an anonymous letter on hand-trimmed stationery suggesting that the victim was planning to set fire to her own home. The letter mentioned the victim's middle name, her Social Security Number, and referred to information contained in personal letters that she had kept at her home. She had not revealed any of that information to defendant. The victim's fire insurance policy, which contained the identity of her insurer, was among private papers at her home. The local fire department also received a letter on hand-trimmed stationery, which contained the victim's house key and stated that the she had hired the anonymous author of the letter to set fire to her home.

Following an investigation, a grand jury indicted defendant for one count of arson, ORS 164.325, and two counts of first-degree burglary, ORS 164.225.[2] In particular, count two charged that defendant had entered and remained in the victim's home on the date of the fire with the intent to commit arson. Count three charged that defendant had entered and remained in the victim's home on the date of the fire with the intent to commit theft.

At defendant's bench trial, the state adduced evidence of his 1979 California conviction for the attempted murder of his college professor, in which defendant had sent accusatory letters on hand-trimmed stationery both before

---

[2] Defendant also was indicted and acquitted on other charges that do not bear on the analysis in this case.

and after the crime. The state argued that the accusatory letters proved defendant's identity as the perpetrator in this case and, thus, that they were admissible as a signature crime under OEC 404(3).[3] The trial court admitted the evidence.

The trial court convicted defendant of the two burglary counts and the arson count based on the fires at the victim's home. After concluding that the two burglary counts were separately punishable under ORS 161.067, the trial court sentenced defendant to a term of 16 years' imprisonment.

■■    On appeal, the Court of Appeals held that the trial court did not abuse its discretion in admitting the evidence of the prior signature crime involving the attempted murder, but that the trial court had erred as a matter of law when it failed to "merge" defendant's two burglary convictions for sentencing.[4] *Barnum*, 157 Or App at 78. The Court of Appeals affirmed the conviction of arson and remanded the case with instructions to enter judgment of conviction on one count of burglary and to resentence defendant.[5] We allowed review.

We first address whether the trial court properly admitted evidence relating to defendant's 1979 conviction for attempted murder under OEC 404(3). We have reviewed the record and the arguments of counsel and conclude that the Court of Appeals correctly held that the trial court properly

_____

[3] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4] ORS 161.067 sometimes is referred to as an "anti-merger" statute, which is misleading. Merger, strictly speaking, refers to lesser-included offenses that "merge" if a defendant is convicted of a greater offense. *See State v. Kessler*, 297 Or 460, 462-63, 686 P2d 345 (1984) (so stating). By contrast, ORS 161.067 delineates when a defendant may receive multiple punishments for a criminal episode.

[5] The trial court imposed a sentence under ORS 137.635 (requiring determinate sentences for certain felonies). The state has conceded that the trial court misapplied that statute, and the parties agree that the matter should be remanded for resentencing on that basis, if for no other reason.

admitted evidence of the circumstances surrounding defendant's 1979 conviction as proof of defendant's identity. A fact-specific discussion of this assignment of error would not benefit the public, bench, or bar, because the jurisprudence surrounding OEC 404(3) is well developed.[6]

■ Next, to resolve the second issue presented by this case, we must determine if the trial court properly convicted defendant of two counts of burglary. We review the trial court's ruling for errors of law, viewing the evidence in the light most favorable to the state. *See State v. Boone*, 327 Or 307, 309, 959 P2d 76 (1998) (stating that reviewing court's function is to decide whether trial court applied legal principles correctly to facts).

■ ORS 164.225(1) provides that a person commits burglary when he or she "enters or remains unlawfully" in a dwelling with the intent to commit a crime therein. Defendant did not challenge the form or degree of specificity of the indictment charging counts two and three. If the trier of fact found that each element of each count had been proved beyond a reasonable doubt, then defendant properly could be convicted of both counts of burglary, regardless of whether the two violations were separately punishable. *See State v. Barrett*, 331 Or 27, 36-37, 10 P3d 901 (2000) ("If the trial court were to enter a conviction on only one count [of aggravated murder], and dismiss the other * * *, it always would be possible that an appeal would result in a reversal, for insufficient evidence, of the count that was selected to serve as the basis for conviction. With the other [count] dismissed, defendant would be able to argue that he was entitled to a judgment of acquittal on the [remaining charge]."). In this case, there was sufficient evidence that defendant entered or remained unlawfully with the intent to commit arson and that he entered or remained unlawfully with the intent to

---

[6] We note that the 1997 Legislature amended OEC 404 to provide that, "[i]n criminal actions, evidence of other crimes, wrongs, or acts by the defendant is admissible if relevant," with exceptions that do not appear to apply here. OEC 404(4); ORS 40.170(4); Or Laws 1997, ch 313, § 29. It appears that the legislature intended the 1997 amendment to OEC 404 to apply retroactively to defendant's case. However, because that amendment would not have altered the result that we have reached under OEC 404(3), we do not address or apply OEC 404(4) in this case.

commit theft. Accordingly, defendant properly was charged and convicted of two counts of burglary.

■ ■ Thus, having determined that defendant properly was charged and convicted of two burglaries, we now turn to the third question presented by this case: May defendant be punished separately for each of the two counts? Whether defendant's two violations of the same statute (ORS 164.225) are separately punishable depends on whether they were "repeated violations * * * separated * * * by a sufficient pause in defendant's criminal conduct * * *" within the meaning of ORS 161.067(3). "Repeated" means "renewed, or recurring again and again." *See Webster's Third New Int'l Dictionary*, 1924 (unabridged ed 1993) (defining "repeated").

■ Furthermore, ORS 161.067(3) requires that the violations be not just "repeated," but also that they be separated by "a sufficient pause in the defendant's criminal conduct." Thus, to be separately punishable, one crime must end before another begins. Therefore, we must determine whether, on the facts in this case, one burglary ended before the other began. Although the sentencing court found a sufficient pause between the theft and the arson, the only evidence of such a pause is the fact that the keys were stolen from a rack some distance from the bedroom where the fire was set. We find that evidence insufficient to support the conclusion that one burglary was terminated before the other commenced. Thus, we hold that the two burglaries in this case were not "repeated violations" separated by a "sufficient pause" under ORS 161.067(3) and that, because of the lack of evidence, defendant cannot be punished for both burglaries. The Court of Appeals ruling in that respect was correct.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.