Submitted on remand from the Oregon Supreme Court September 17, 2002, reversed and remanded in part; otherwise affirmed February 5, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## LEOPOLDO CELOS LUCIO-CAMARGO,
*Appellant.*

### 9802-31380; CA A104767

62 P3d 811

Peter Gartlan, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

Deits, C. J., concurring.

---

* Deits, C. J., *vice* Ceniceros, S. J.

## EDMONDS, P. J.

Defendant appeals from two convictions for burglary in the first degree, ORS 164.225, arguing that he can be convicted of only one burglary. When the case was originally before us, we agreed and reversed and remanded the judgment for the entry of a single conviction of burglary. *State v. Lucio-Camargo*, 172 Or App 298, 18 P3d 467 (2001). The Supreme Court thereafter allowed review, vacated our decision, and remanded for reconsideration in light of *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002). *State v. Lucio-Camargo*, 334 Or 491, 52 P3d 1056 (2002). On reconsideration, we again reverse.

We described the facts in our previous decision and therefore summarize them here. Late one afternoon, defendant went to an apartment where his girlfriend Hernandez, her three children, her mother Villa-Lopez, and a married couple lived. Defendant had previously threatened Hernandez, who had obtained a restraining order but continued to communicate with him at times. When Hernandez opened the door, defendant removed an air chisel, which resembled a pistol, from under his coat and pointed it in her direction. She slammed the door and ran out of the apartment, accompanied by one child and Villa-Lopez. Defendant then entered the apartment. Because the other children were still inside, Villa-Lopez returned and confronted defendant. He threatened her verbally and with the air chisel.

As a result of his actions, defendant was indicted for, and convicted of, two counts of first-degree burglary, ORS 164.225, and two counts of menacing, ORS 163.190. The first burglary count alleges that he unlawfully and knowingly entered and remained in the apartment with the intent of committing the crime of assault and that he caused or threatened physical injury to Villa-Lopez. The second count alleges that he entered and remained unlawfully in the apartment with the intent of committing the crime of menacing and that he caused or threatened physical injury to Hernandez.[1] One

---

[1] The purpose of the allegations that defendant caused or threatened physical injury to and threatened Villa-Lopez and Hernandez was to give each count, if proved, a crime seriousness score of 9, *see* OAR 213-017-0003(8). Proof that

count of menacing involved defendant's actions towards Hernandez, while the other involved his actions toward Villa-Lopez; the menacing convictions are not at issue on appeal. The court ordered that the sentences on the second burglary count and on the two menacing counts be concurrent with the sentence on the first burglary count.

The issue on appeal is whether the two burglary counts are separately punishable offenses under ORS 161.067 and, if they are not, whether separate convictions on each count are proper. ORS 161.067 is the controlling statute, providing when multiple convictions and punishments arising out of the conduct or criminal episode are permissible. It provides:

"(1)   When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2)   When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:

"*  *  *  *  *

"(d)   Burglary as defined in ORS 164.215 or 164.225.

"*  *  *  *  *

"(3)   When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's

---

defendant actually caused physical injury would also be an alternative basis for a conviction for first-degree burglary. The trial court found that defendant threatened physical injury to Villa-Lopez but not to Hernandez.

criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse as defined in ORS 163.305, and each method of engaging in unlawful sexual penetration as defined in ORS 163.408 and 163.411 shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

Under ORS 164.215(1), a person commits the crime of burglary if the person "enters or remains unlawfully in a building with intent to commit a crime therein." The crime is burglary in the first degree if the building is a dwelling, ORS 164.225(1), or if the person, while effecting entry, while in the building, or while in immediate flight from the building, causes or attempts to cause physical injury to any person. ORS 164.225(1)(b).

In our previous opinion, and in light of the evidence, we treated Count I as alleging an unlawful entry into the premises with the intent to assault Hernandez and Count II as alleging an unlawful remaining on the premises with the intent to menace Villa-Lopez. *Lucio-Camargo*, 172 Or App at 301.[2] The issue was whether under ORS 161.067 the evidence supported separate convictions for Count I and Count II.

In our previous opinion, we first considered the wording and legislative history of ORS 161.067 and the burglary statutes and concluded that the two burglary counts did not allege separately punishable offenses. We reasoned that ORS 164.225 constitutes a single statutory provision that could be violated in two different ways. We began our analysis by taking our cue from *State v. Barrett*, 331 Or 27, 33, 10 P3d 901 (2000), and observing that the relevant wording of *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1, is identical to ORS 161.067(1). We inquired whether the legislature intended the "unlawfully entering" portion of ORS 164.215 and ORS 164.225 to address a discrete concern

---

[2] In fact, Count I alleged that the person threatened or injured was Villa-Lopez, while Count II alleged that the person threatened or injured was Hernandez. The counts did not distinguish between entering unlawfully and remaining unlawfully; rather, each count alleged both theories.

from the "unlawfully remaining" portion of ORS 164.215 and ORS 164.225. Ultimately, we determined that ORS 164.225 is a single statutory provision that can be violated in two different ways. *Lucio-Camargo*, 172 Or App at 308. That inquiry led us to determine that ORS 161.067(2) was also inapplicable. We observed that, for the purpose of determining whether the burglary counts were separately punishable offenses, burglary has only one victim, even though there may be more than one occupant of the invaded property. *Id.* We then considered whether defendant's conduct constituted repeated violations of the same statutory provision under ORS 161.067(3). The evidence showed that defendant's conduct directed at Villa-Lopez continued without interruption after his unlawful entry and his threats made against Hernandez. *Id.* at 309-10. Because the facts did not support multiple convictions under ORS 161.067, we remanded the case for the trial court to enter a single burglary conviction. *Id.* at 310.

The Supreme Court has now instructed us to reconsider our previous decision in light of *Barnum*. However, applying the rule of *Barnum* to these facts presents a difficulty. To explain that difficulty, we trace the development of the law to its current state. *Former* ORS 161.062 was enacted in 1985, followed by ORS 161.067 in 1986. In *State v. Crotsley*, 308 Or 272, 276-77, 779 P2d 600 (1989), the court explained the import of those statutes:

> "Prior to the enactment of ORS 161.062, and in the absence of clear statutory guidance, the courts fashioned judicial rules to address circumstances in which a single criminal episode provides grounds for multiple convictions and sentences. These include situations where a single criminal episode involves violations of more than one statute; single criminal episode involves multiple crimes against the same victim; and where a single criminal episode involves multiple victims. Where no clear legislative intent could be discerned concerning multiple convictions and sentencing for crimes committed during a single criminal episode, this court had to speculate whether the legislature would have expected an offender to be sentenced for more than the most serious felony. *See State v. Cloutier*, 285 Or 579, 596 P2d 1278 (1979).

"After several attempts to enact legislation that would address judicial concerns about the lack of statutory guidance in this complex area, in 1985, the legislature enacted ORS 161.062 * * *. The proponents of ORS 161.062 clearly intended that criminal records accurately reflect all crimes actually committed and that a person who commits multiple crimes by the same conduct or during the same criminal episode should have a criminal record reflecting each crime committed rather than only a single conviction which would not accurately portray the nature and extent of that person's conduct."

(Footnotes omitted.)

The issue in *Crotsley* was whether the defendant could be convicted and sentenced for both first-degree and third-degree rape for an act of forcible sexual intercourse with a 14-year-old victim. The court defined the issue as whether "separate first and third degree convictions and sentences could be imposed for a single act of rape or sodomy." *Crotsley*, 308 Or at 274. The court concluded that ORS 161.062 required *separate convictions*, even though the defendant had committed only a single act. It reasoned,

"In raping a 14 year-old girl, *defendant violated two different prohibitions that the legislature has codified as separate criminal offenses.* He forced his victim to engage in sex against her will, and he chose a victim to whom the legislature has accorded additional protection because of her age. Defendant argues, in effect, that his criminal record should be no different than if his victim had not been a child, that his 'incidental' violation of additional laws should not subject him to additional sanction. The legislature has rejected that argument in clear and unambiguous language."

*Crotsley*, 308 Or at 280. (Emphasis added.) Consequently, it affirmed the entry of separate convictions and the imposition of separate sentences.

The court next discussed this kind of issue in *State v. Tucker*, 315 Or 321, 845 P2d 904 (1993). In that case, it held that the defendant's robbery and burglary convictions were lesser included offenses of his conviction for aggravated felony murder and that the trial court therefore erred in imposing separate sentences for the robbery and burglary convictions. Relying on *Crotsley*, the court held that the conditions

of ORS 161.062(1) "are not met where one offense charged truly is a lesser included offense of another offense charged[.]" *Tucker*, 315 Or at 331. It therefore vacated the sentences for robbery and burglary in the first degree.[3] In accordance with the policy underlying the statute, the court pointed out that a person's criminal record should reflect each crime committed. But the nature of a lesser included offense of another offense is that the lesser included offense has no elements not also present in the greater offense. It followed that, for purposes of the statute, the defendant in *Tucker* committed only one offense, and, therefore, his conduct amounting to robbery and burglary, the lesser included offenses of his aggravated murder conviction, were not subject to separate convictions and punishments.

The next case involving this kind of issue was *State v. Barrett*. In *Barrett*, the defendant killed a convenience store clerk in the course of a robbery. He was charged with and convicted of three counts of aggravated murder. Each conviction was based on a different aggravating circumstance. The trial court imposed separate convictions and sentences on each count, making two sentences consecutive and one sentence concurrent. This court affirmed all three convictions and sentences. *State v. Barrett*, 153 Or App 621, 958 P2d 215 (1998).

On review, the Supreme Court held that the defendant's act of intentionally murdering one victim did not violate two or more statutory provisions because the crime of aggravated murder consists of murder accompanied by any one of 18 separate statutory aggravating circumstances. The court reasoned that any one or all of those aggravating factors operate to provide the single element of aggravation; that is, they constitute different ways in which aggravated murder can be committed. *Barrett*, 331 Or at 33-36.[4] The court then turned to the disposition of the appeal. It held that the trial court should have entered only one conviction for

---

[3] The court did not vacate the convictions for those offenses, even though the rule of *Crotsley* would appear to suggest that it should have done so.

[4] As we point out below, the factors underlying the aggravated murder statute operate much in the same way that ORS 164.225(1) functions, *i.e.*, the single element of intent to commit a crime can be satisfied by the intent to commit only one of a number of different crimes.

aggravated murder. On the other hand, the dismissal of the other two counts would create a risk that, if an appellate court reversed the single conviction, the defendant could argue that he was no longer convicted of any crime. Adhering to the policy that the record of the defendant's criminal conduct should depict the full extent of his actions, and to avoid the potential of the above result, the court instructed the trial court to enter one judgment for aggravated murder but in the judgment to enumerate each of the aggravating factors found by the jury. The court then remanded the case to the trial court for resentencing. *Id.* at 36-37.

We originally decided this case shortly after the decision in *Barrett*. Thereafter, the Supreme Court issued its opinion in *Barnum*. In that case, the defendant entered the victim's house, intending both to steal her keys and credit cards and to start a fire in the house once entry was made. Once in the house, he committed both of those crimes. The defendant was indicted on one count of arson and two counts of burglary. The first burglary count charged that he unlawfully entered and remained in the house with the intent to commit the crime of arson. The second count charged that he unlawfully entered and remained in the house with the intent to commit theft. *Barnum,* 333 Or at 300. The trial court entered judgments of convictions on both burglary counts and imposed separate sentences on each count.

On appeal, the defendant argued that the court should have entered only one burglary conviction. On review, the Supreme Court first held:

> "In this case, there was sufficient evidence that defendant entered or remained unlawfully with the intent to commit arson and that he entered or remained unlawfully with the intent to commit theft. Accordingly, defendant was properly charged and convicted of two counts of burglary."

*Barnum,* 333 Or at 302-03. Significantly, the court did not discuss the fact that there was only a single unlawful entry into the victim's premises. Rather, citing *Barrett*, it reasoned,

> "If the trier of fact found that each element of each count had been proved beyond a reasonable doubt, then defendant could properly be convicted of both counts of burglary,

regardless of whether the two violations were separately punishable."

*Id.* at 302. Ultimately, the court held that defendant was properly convicted of two counts of burglary despite the fact that the defendant had committed only a single unlawful entry.

The court's conclusion in *Barnum* appears to be at odds with its holding in *Barrett* that the murder of a single victim, albeit under multiple aggravating circumstances, constituted only one punishable crime under *former* ORS 161.062(1)[5] and with the understanding that flows from *Crotsley* that a defendant's conduct must violate "two or more statutory provisions" before multiple convictions can be entered, subject to the exceptions in *former* ORS 162.061(2) and (3).[6] In the abstract, we do not understand why a single unlawful entry with the intent to commit multiple crimes would be the subject of separate and distinct legislative concerns, as the *Barnum* opinion necessarily appears to hold.[7] It would appear that any concerns about what occurred after an illegal entry would be resolved by the ability of the state to charge under statutes other than ORS 164.225.

Thereafter, the *Barnum* court considered whether the defendant could be separately punished for each of the burglary convictions. The court explained,

"Furthermore, ORS 161.067(3) requires that the violations be not just 'repeated,' but also that they be separated by a 'sufficient pause in the defendant's criminal conduct.' Thus, to be separately punishable, one crime must end before the other begins."

*Barnum*, 333 Or at 303. The court concluded that the defendant could not be separately punished because the two

---

[5] The relevant wording of *former* ORS 161.062(1) is identical to ORS 161.067(1).

[6] The language "two or more statutory provisions" means "prohibitions * * * that address separate and distinct legislative concerns." *Crotsley*, 308 Or at 278.

[7] The court did not mention ORS 161.067(1) or (2) in its opinion, apparently recognizing that only one statutory provision had been violated (the unlawful "entry" portion of ORS 164.215 and ORS 164.225) and that there was only one victim.

offenses were not repeated violations separated by a sufficient pause in his criminal conduct.

The holding in *Barnum* places us in a quandary in light of the applicable statutes and the court's previous precedents. In *Barnum*, there was only one unlawful entry and one victim, and there were not repeated violations of the same statutory provision. Nonetheless, the *Barnum* court appears to have adopted a different rule from that provided for by ORS 161.067 and to have reasoned that whether multiple convictions and punishments can be entered depends on whether a defendant challenges the sufficiency of the evidence. Apparently, the failure to move for a judgment of acquittal operates as a waiver of the right to object to multiple convictions. However, if that is the reasoning in *Barnum*, we fail to understand how the failure to challenge the sufficiency of the evidence by motion obviates the obligation of the court to determine under ORS 161.067 whether multiple convictions and punishments are permissible. In sum, *Barnum* appears, without explanation, to authorize multiple convictions and punishments even though the defendant's conduct violated only one statutory provision and does not otherwise qualify under subsections (2) and (3) of ORS 161.067.

Our quandary is increased by our understanding of what conduct constitutes a burglary for purposes of ORS 164.215 and ORS 164.225. When a person enters premises unlawfully with a criminal intent, the crime of burglary is complete at the time of the entry. In *Barnum*, the crime was complete when the defendant made his unlawful entry, and it did not matter whether he intended to commit theft or arson or both at that time; under the language of ORS 164.215, the proof of an intent to commit any crime was sufficient to complete the crime. Moreover, it did not matter whether the defendant actually committed or attempted to commit one or both of the crimes. Once the entry occurred, all that mattered was that he entered unlawfully with an intent to commit some crime. *See State v. Hicks*, 213 Or 619, 628, 325 P2d 974 (1954) (where the defendant made a hole in the wall and stuck his hand through it, intending to steal property, the burglary was complete). Not unlike *Barrett*, the state alleged a single unlawful entry in *Barnum* but with allegations of intent to commit different crimes. Those separate counts permitted the state to obtain verdicts on alternative grounds so

that, even if the conviction on one count were reversed on appeal, there remained a potential conviction on the other count. But whether separate convictions and punishments should be entered pursuant to the verdicts is a different question and is controlled by ORS 161.067. Under subsection (1) of the statute, multiple convictions are permissible only if *two* or more statutory provisions are violated. Only one statutory provision, ORS 164.225, was violated in *Barnum*. As a consequence, the holding in *Barnum* appears to be inconsistent with *Crotsley* (where two separate statutory provisions were violated), with *Tucker* (where only one offense was committed as the result of the merger of the lesser included offenses), and with *Barrett* (where only one conviction was proper, even though the crime had been committed in alternative ways). Moreover, the policy underlying ORS 161.067 is not furthered by the decision in *Barnum*. The defendant's record, as a result of the court's decision, consists of convictions for two separate burglaries when he committed only one unlawful entry.

In short, unless we conclude that *Barnum*, *sub silencio*, overruled the above cases, which is unlikely given the short time period between *Barrett* and *Barnum* and the court's reliance on and quotation from *Barrett* in *Barnum*, we must endeavor to decide this case in a way that is consistent with *Barnum* and also with ORS 161.067. We offer the following only as a possible explanation of the difficulty that we have described above. In *Barnum*, the court observed that the defendant did not challenge the form or degree of specificity of the indictment charging the two counts of burglary. *Barnum*, 333 Or at 302. Later, the court concluded that "defendant properly was charged and convicted of two counts of burglary." *Id.* at 303. Perhaps the court believed that the issue of whether separate convictions for burglary could be entered for a single unlawful entry was not before it, thus leading to the failure to discuss that issue. Regardless, we are left to discern the implications of *Barnum* in this case, which has different facts and, arguably, a different issue.

As we have said previously, the issue here is whether, in the language of ORS 161.067, there are separately punishable offenses for burglary because of defendant's unlawful entry into the victim's premises with the intent to commit two separate crimes. We think that this case

is more like *Barrett* than *Barnum*. We continue to believe that the threshold question is whether defendant violated more than one statutory provision within the meaning of ORS 161.067(1). For the reasons expressed in our initial opinion, we conclude that ORS 164.225 is a single statutory provision that can be violated in alternative ways and that, consequently, defendant's conduct was a violation of only one statutory provision for purposes of that subsection. *Lucio-Carmargo*, 172 Or App at 308. We also adhere to our earlier reasoning regarding ORS 161.067(2). As applied to the facts of this case, there was only one, unitary, victim for purposes of entering the convictions. *Id.* at 309.

The question then becomes whether, under ORS 162.067(3), there were *repeated* violations of ORS 164.225 that would constitute separately punishable burglaries and authorize multiple convictions and punishments. Under *Barnum*, one burglary must have *ended* before another began in order for the conduct to constitute "repeated" violations. *Barnum*, 333 Or at 303. As we pointed out in our initial opinion, defendant's initial unlawful entry never ended. *Lucio-Carmargo*, 172 Or at 310. It follows that defendant committed only one burglary. Our result is also in accord with the policy underlying ORS 161.067. As a result of the above analysis, a single conviction for burglary would reflect defendant's unlawful entry into the victim's premises with the intent to commit one or more crimes therein, and his convictions for menacing would reflect his conduct within the premises after his illegal entry was completed. On those facts, we conclude that the trial court should have entered only one conviction and sentence on the burglary counts.[8]

Reversed and remanded for entry of single conviction of burglary and for resentencing; otherwise affirmed.

---

[8] Having determined that there is only one separately punishable offense, we do not reach the question of whether separate sentences are appropriate. Moreover, we acknowledge our holding in *State v. McCloud*, 177 Or App 511, 34 P3d 669 (2001), *vac'd and rem'd*, 334 Or 491, 52 P3d 1056 (2002), *aff'd on remand*, 184 Or App 659, 56 P3d 962 (2002) (holding that *Barnum* requires that two nonconsensual sexual touchings of the victim during the same criminal episode must result in separate convictions but the merger of sentences). If there is a bright line rule that could be derived from the line of cases that we have discussed, it is that each case must be decided on its own facts in light of the provisions of ORS 161.067 and the policy underlying the statute.

**DEITS, C. J.,** concurring.

I write separately to point out that, given the Oregon Supreme Court's recent decisions in *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002), and *State v. Barrett*, 331 Or 27, 10 P3d 901 (2000), the answer in the present case is less than obvious. I join in the majority because the answer it arrives at is as good as any, given the confusing state of the law on the question of "merger of sentences" and "merger of convictions."

As I see it, the crux of the problem is this: In *Barrett*, the court interpreted the "separately punishable offenses" language in *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1, which is identical to ORS 161.067(1), and concluded that, when the conditions of the statute were not satisfied, the trial court was to "enter one judgment of conviction reflecting the defendant's guilt on the charge" but separately enumerate each of the existing aggravating factors for aggravated murder to reflect each of the separate theories under which the jury found the defendant guilty. 331 Or at 37. In short, the court in *Barrett* interpreted *former* ORS 161.062(1) to require "true merger," requiring the entry of just one conviction despite the jury's finding of multiple bases for that conviction. In *Barnum*, without reference to *former* ORS 161.062(1) or its identical counterpart ORS 161.067(1), the court cited *Barrett* for the proposition that "[i]f the trier of fact found that each element of each count had been proved beyond a reasonable doubt, then defendant properly could be convicted of both counts of burglary, regardless of whether the two violations were separately punishable." 333 Or at 302 (citing *Barrett*, 331 Or at 36-37). The court then concluded that, because such evidence existed in that case, "defendant properly was charged *and convicted* of two counts of burglary." *Id.* at 303 (emphasis added). The court then went on to address whether the "two counts" of burglary were "separately punishable offenses" under ORS 161.067(3), concluded that they were not, and further concluded that, although the offenses did not merge, they could not be punished separately. *Id.*

Thus, the court has interpreted the term "separately punishable offenses" in subsection one of those identical statutes to require "true merger" and the entry of one conviction,

but has interpreted the term "separately punishable offenses" in subsection three to require the entry of two convictions that are not "separately punishable." That appears to conflict with the basic rule of statutory construction that the "use of the same term throughout a statute indicates that the term has the same meaning throughout the statute." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Until the court clarifies when "separately punishable offenses" should result in "true merger" or "merger for sentencing purposes" only, courts and litigants will continue to struggle with that question, as we have done here.