Argued and submitted April 30, convictions for burglary reversed and remanded for merger and entry of single conviction; remanded for resentencing; otherwise affirmed December 24, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS SANCHEZ-ALFONSO,
*Defendant-Appellant.*

Washington County Circuit Court
C051614CR; A130598

198 P3d 946

Bronson D. James, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services. Luis Sanchez-Alfonso filed the supplemental brief *pro se.*

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a judgment for two convictions for first-degree burglary and two convictions for unauthorized use of a weapon. Those convictions arose from a single entry by defendant into an occupied dwelling, where he threatened two of the occupants with a knife. Defendant assigns error to the trial court's entry of two convictions for burglary, arguing that the court could enter only one conviction for his single entry into the dwelling. He also assigns error to the trial court's denial of his motion for a judgment of acquittal on the burglary counts. We reject defendant's second assignment of error without discussion. On his first assignment, we conclude that the trial court erred in entering two convictions.

Defendant and Tanya Kartzmark lived together for a few months in Kartzmark's apartment. Kartzmark's 19-month-old child was injured while Kartzmark was away from the apartment, and, believing that defendant had caused the injuries, Kartzmark asked defendant to move out of the apartment, which he did. Defendant returned to the apartment a few days later. Kartzmark's friend, Mark Cleland, opened the door, and Kartzmark told defendant to leave. Defendant pushed past Cleland and entered the apartment. Cleland responded by punching defendant in the face. At that point, defendant pulled a knife and thrust it at Cleland, who retreated into the apartment's bathroom. Defendant then advanced toward Kartzmark, thrust the knife at her, and said, "You're a dead bitch." Cleland returned to the living area and struggled with defendant. Defendant left the apartment with Cleland in pursuit, and the police arrested defendant outside the apartment building.

Among other crimes, defendant was charged with two counts of first-degree burglary. Count 1 alleged that defendant entered Kartzmark's apartment "with the intent to commit the crime of assault, menacing[,] and unlawful use of a weapon against Mark Alan Cleland therein." The other burglary count, Count 4, alleged that "as a separate act and transaction from that alleged in [Count] 1," defendant entered Kartzmark's apartment "with the intent to commit

the crime of assault, menacing[,] and unlawful use of a weapon against Tanya Kartzmark therein."

At trial, defendant was convicted of the two burglary counts, ORS 164.225, and two counts of unlawful use of a weapon, ORS 166.220(1)(a). He was acquitted of two counts of attempted first-degree assault, ORS 163.185. At sentencing, the parties disagreed about whether the court could enter separate burglary convictions on Counts 1 and 4 for the single entry into Kartzmark's apartment. The state argued that the court could enter two convictions because there were two burglary victims, Kartzmark and Cleland. Defense counsel disagreed and argued, relying on *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002), *overruled by State v. White*, 341 Or 624, 147 P3d 313 (2006), that the court could enter only one burglary conviction. The sentencing court agreed with the state and entered judgment for two burglary convictions, based on its conclusion under ORS 161.067(2) that there were two burglary victims, Kartzmark and Cleland.

On appeal, defendant renews his argument that the court could enter only one burglary conviction in this case. He contends that the victim of a burglary is the person who has the property interest that is violated by a burglary—the right to occupy, invite, and exclude people from the property. He argues that Kartzmark was the sole victim of the burglary and, hence, that the court could enter only one burglary conviction, because Kartzmark was the lawful tenant of the apartment with the right to occupy, invite, and exclude people from it, and Cleland was a mere social guest with no property interest in the apartment. He claims support for his argument in ORS 161.067(2)(d), which recognizes that there can be multiple interests in property and provides that two or more persons owning joint interests in real property shall be considered a single victim when the property is burglarized. Accordingly, he argues, if multiple property interests do not create multiple burglary victims, then there are not two burglary victims in this case even though two people were in the apartment during the burglary.

The state disagrees. In its view, ORS 161.067(2)(d) creates a unitary burglary victim *only* for people who share an interest in the burglarized property. Here, the state

argues, because Cleland was a social guest in Kartzmark's apartment and did not have any interest in the property, ORS 161.067(2)(d) does not create a unitary burglary victim. In its view, Cleland and Kartzmark were both victims of the burglary, because defendant entered the apartment with the intent to assault each of them. Accordingly, the court properly entered two burglary convictions.

Thus framed, the resolution of the parties' dispute turns on the meaning of ORS 161.067(2) (2003).[1] It provides, in part:

> "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interest in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:
>
> "* * * * *
>
> "(d)   Burglary as defined in ORS 164.215 or 164.225."

Under the statute, the number of separately punishable offenses for conduct violating a single criminal statute will be equal to the number of victims, unless the offense is one of the property crimes listed in subsections (a) through (g), in which case multiple interests in the affected property do not give rise to multiple victims.

The term "victim" is not defined in ORS 161.067(2). To determine the victims of a crime for purposes of ORS 161.067(2), we look to the statute that describes the crime. *State v. Glaspey*, 337 Or 558, 563, 100 P3d 730 (2004). Accordingly, we turn to the burglary statutes, ORS 164.215 and ORS 164.225. ORS 164.215 provides that

---

[1] The legislature amended ORS 161.067(2) in 2007 to add a new paragraph (d), "Criminal possession of a rented or leased motor vehicle," and to relist the remaining paragraphs. Or Laws 2007, ch 684, § 3. Thus, under the present version of ORS 161.067(2), burglary is listed as paragraph (e). All references in this opinion to ORS 161.067 are to the 2003 version that was in effect during the times relevant to this case.

"a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with the intent to commit a crime therein."

ORS 164.225 provides, in turn, that

"a person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a)   Is armed with a burglary tool or theft device * * * or a deadly weapon;

"(b)   Causes or attempts to cause physical injury to any person; or

"(c)   Uses or threatens to use a dangerous weapon."

The burglary statutes are part of a series of real property crimes of progressive severity. The series begins with second-degree criminal trespass, ORS 164.245, a Class C misdemeanor, which a person commits by entering or remaining unlawfully on premises. That offense becomes first-degree criminal trespass, ORS 164.255, a Class A misdemeanor, if the person enters certain types of premises, such as dwellings or railroad yards. First-degree criminal trespass becomes second-degree burglary, ORS 164.215, a Class C felony, if the premises entered is a building and the person enters or remains in it with the intent to commit a crime therein. Second-degree burglary becomes first-degree burglary, ORS 164.225, a Class A felony, if the building entered is a dwelling or if enumerated aggravating factors exist, such as causing injury to another or threatening to use a dangerous weapon.

Nothing in those statutes directly addresses the question of who is the victim of a burglary. Likewise, the definitional section for the burglary and criminal trespass statutes, ORS 164.205, does not define or mention victims. However, taken together, the statutes establish a range of offenses that are directed toward protecting *property* rights. *See State v. Anderson*, 241 Or 18, 22, 403 P2d 778 (1965) ("It is well established in law, and no citations are necessary to establish, that burglary and attempted burglary are offenses against property, not against persons.").

A burglar violates a *property* right when he or she unlawfully enters a building. Although there are many types of property rights, when a burglar enters a building, the property right that the burglar violates is the right to occupy, invite, and exclude others from the premises. The person who possesses that right is the victim of a burglary. ORS 161.067(2)(d) recognizes that multiple persons can jointly hold property rights. The statute addresses that by providing that, where multiple people share rights in property, they are considered one victim.

We considered the meaning of ORS 161.067(2) in a burglary case in *State v. Lucio-Camargo*, 172 Or App 298, 18 P3d 467 (2001), *rem'd*, 334 Or 491, 52 P3d 1056 (2002), *adh'd to on remand*, 186 Or App 144, 62 P3d 811 (2003), *vac'd as moot*, 336 Or 442, 86 P3d 1139 (2004).[2] There, the defendant was convicted of two burglary counts, one based on his unlawful entry into his girlfriend's apartment with the intent to assault her, and one based on his having remained unlawfully in the apartment with the intent to menace his girlfriend's mother. We concluded that two burglary convictions could not be entered under ORS 161.067(1) for two violations of the same burglary statute—one for *entering* and the other for *remaining* unlawfully. 172 Or App at 308. We then considered whether there were two victims of the burglary—the defendant's girlfriend and his girlfriend's mother—which could sustain two burglary convictions under ORS 161.067(2). We concluded that ORS 161.067(2) represents "an express legislative determination that, *for purposes of burglary statutes, the 'victim' is unitary, regardless of the number of owners or residents of the property against whom*

---

[2] After our initial opinion in *Lucio-Camargo*, the Supreme Court remanded the case with instructions to us to reconsider it in light of *Barnum*, 333 Or 297. *Lucio-Camargo*, 334 Or 491. On remand, we adhered to our prior decision and explained that *Barnum* appeared to deviate from the line of cases preceding it. *Lucio-Camargo*, 186 Or App at 155-56. The Supreme Court again allowed review, but the defendant died before the case was decided, so the court vacated our decision as moot. *Lucio-Camargo*, 336 Or 442. As the Supreme Court later confirmed, we were correct that *Barnum* was an anomaly in the body of cases construing ORS 161.067 and should not be followed. *See White*, 341 Or at 637. We agree with our reasoning in *Lucio-Camargo*, which, although vacated, has been vindicated by *White*, and therefore apply it acknowledging that it is not precedent.

*the burglary is directed." Id.* at 472 (emphasis added). Accordingly, we held that the trial court could enter only one burglary conviction even though two people were present during the unlawful entry.

The Supreme Court's decision in *Glaspey*, 337 Or 558, confirms that we reached the correct conclusion in *Lucio-Camargo*. In *Glaspey*, the defendant was convicted of two counts of fourth-degree assault, ORS 163.160. The charges arose from a single incident in which the defendant assaulted his wife with the couple's two minor children as witnesses of the assault. Fourth-degree assault is ordinarily a Class A misdemeanor, but it becomes a Class C felony if the victim's minor child witnesses the assault. The trial court entered two convictions in that case, based on a determination under ORS 161.067(2) that the two child witnesses were each victims of the assault.

"Victim" was not defined in the assault statutes at issue in *Glaspey*, but the Supreme Court noted that "[o]rdinarily, when the term 'victim' is used in a statute that defines a criminal offense, it is used in the precise sense of a person who suffers harm that is an element of the offense." 337 Or at 565. In that light, the court concluded that the child witnesses were *not* victims of the assault even though their presence as witnesses was an aggravating factor that increased the severity of the offense from a Class A misdemeanor to a Class C felony. The legislature presumably sought to protect minor children from the effect of witnessing assaults against their parents by making such assaults a more serious crime. Nevertheless, the decision to do that did not change the character of the crime as a crime against the person who is assaulted.

Similarly, here, the legislature's decision to make some entries into buildings more severe crimes than other entries presumably reflects a desire to protect people who are or may be in the buildings from the effect of such entries. However, the decision to do that does not change the character of the crime from a crime against property interests to a crime against people.

The text, context, and cases interpreting ORS 161.067(2) and the burglary statutes are in agreement: the

victim of a burglary for purposes of ORS 161.067(2) is the person who possesses the property interest violated. Here, there was only one victim of the burglary, Kartzmark. Hence, the court erred in entering two burglary convictions.

Convictions for burglary reversed and remanded for merger and entry of single conviction; remanded for resentencing; otherwise affirmed.