Submitted July 21, 2009, reversed and remanded with instructions to enter
judgment granting post-conviction relief and resentencing on kidnapping
convictions; otherwise affirmed May 19, petition for review denied
September 17, 2010 (349 Or 56)

## JAMES ARTHUR ROSS,
*Petitioner-Appellant,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

## Malheur County Circuit Court
05084630M; A135040

231 P3d 1185

Patrick M. Ebbett and Chilton, Ebbett & Galli, LLC, filed the opening brief for appellant. James Arthur Ross filed the supplemental brief *pro se*.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.

LANDAU, P. J.

### LANDAU, P. J.

Petitioner pleaded no contest to and was convicted of multiple offenses, including two counts of first-degree kidnapping. A judgment of conviction was entered on those convictions, including two separate counts of kidnapping. Petitioner sought post-conviction relief, arguing that his court-appointed lawyer was constitutionally inadequate for a number of reasons, including that the lawyer failed to assert that the criminal trial court should have merged the two kidnapping convictions. The post-conviction court denied relief, and petitioner appeals.

We reject all but one of petitioner's contentions without discussion, writing only to address his argument that counsel should have objected to the failure to merge the two kidnapping convictions. The state concedes that the judgment should have merged the two convictions, but it insists that, given the prevailing uncertainty about the state of the law at the time that judgment was entered, petitioner's counsel was not constitutionally inadequate for having failed to raise the issue. We agree with petitioner that counsel was constitutionally inadequate for failing to move to merge the two kidnapping convictions. We therefore reverse in part and remand for entry of post-conviction relief.

The relevant facts are not in dispute. Petitioner was charged with two counts of first-degree kidnapping. ORS 163.235 defines the offense of first-degree kidnapping and provides, in part:

"(1) A person commits the crime of kidnapping in the first degree if the person violates ORS 163.225 [second-degree kidnapping[1]] with any of the following purposes:

"* * * * *

"(c) To cause physical injury to the victim; or

"(d) To terrorize the victim or another person[.]"

---

[1] ORS 163.225 provides, in part:

"(1) A person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

"(a) Takes the person from one place to another[.]"

Tracking that statutory phrasing, the first kidnapping count in the indictment charged that petitioner kidnapped the victim by taking her from one place to another, with the purpose of causing her physical injury. ORS 163.235(1)(c). The second kidnapping count charged that petitioner kidnapped the victim by taking her from one place to another, with the purpose of terrorizing her. ORS 163.235(1)(d). Petitioner pleaded no contest to both counts, and the court entered a judgment of conviction on each count.[2] At sentencing in August 2004, the state explained that the two kidnapping convictions had been pleaded as alternative theories for the same offense. Nevertheless, defense counsel did not ask the trial court to merge the two convictions.

In his petition for post-conviction relief, defendant asserted that the two kidnapping convictions should have merged and that he was denied constitutionally adequate and effective assistance of trial counsel under the Oregon and federal constitutions as a result of trial counsel's failure to seek merger. The post-conviction court denied the petition. Petitioner appeals, assigning error to (among other things) the rejection of his contention that his criminal trial counsel failed to provide adequate and effective counsel in neglecting to seek merger of the kidnapping convictions.

To prevail on a claim of constitutionally inadequate assistance under Article I, section 11, of the Oregon Constitution, a petitioner must show by a preponderance of the evidence that counsel "failed to exercise reasonable professional skill and judgment, and that petitioner suffered prejudice as a result." *Lichau v. Baldwin*, 333 Or 350, 359, 39

---

[2] The prosecutor provided the following factual basis for petitioner's no contest plea:

"The evidence would be * * * the initial assaults began in the area of the kitchen, that they moved at various points on down the hall towards the master bedroom, that the assaults continued in the bedroom, that she was moved again down through the hall, that all of this movement was against her will and interfered with her liberty, that during all of this movement, * * * defendant [was] subjecting her to physical abuse, including going into the bathroom, smashing her head into the wall that left hair, taking her to the living room and vaginally raping her. Further, it's the state's theory, Your Honor, that the defendant, through the course of these events, was threatening to kill [the victim], had leveled the gun at her several times, in addition to the events that we described in the master bedroom that constituted attempted aggravated murder and that his purpose in so doing was to terrorize her."

P3d 851 (2002). Whether counsel exercised reasonable skill and judgment entails an examination of the law at the time of the criminal trial. *Wells v. Peterson*, 315 Or 233, 236, 844 P2d 192 (1992). The fact that the law is "unsettled" at the time of trial is relevant, but not dispositive. As the Supreme Court explained in *Burdge v. Palmateer*, 338 Or 490, 500, 112 P3d 320 (2005), whether counsel rendered inadequate assistance is determined by the "reasonable professional skill and judgment" standard and not by any generalized rule of thumb such as "unsettled questions of law." Even when the law is unsettled, the benefits of raising an issue may be so obvious that any lawyer exercising reasonable professional skill and judgment would do so. *Id.*

■ In this case, whether the two kidnapping convictions should have merged is squarely controlled by *State v. White*, 202 Or App 1, 121 P3d 3 (2005), *aff'd*, 341 Or 624, 147 P3d 313 (2006). In *White*, we held that ORS 161.067(1)[3] requires the merger of multiple convictions of first-degree kidnapping arising out of the same conduct or criminal episode that are based on alternate theories for elevating second-degree kidnapping to first-degree kidnapping. In reaching that conclusion, we relied on the Oregon Supreme Court's opinion in *State v. Barrett*, 331 Or 27, 36, 10 P3d 901 (2000), an aggravated murder case in which the court held that the multiple counts of aggravated murder with which the defendant had been charged

> "constitute no more than different theories under which murder becomes subject to the enhanced penalties for aggravated murder. That defendant's conduct in intentionally murdering the victim in this case was 'aggravated' by 'any,' *i.e.*, one or more, act surrounding that conduct does not convert that conduct into more than one separately punishable offense."

*Id.* We reasoned in *White* that the kidnapping statute, like the aggravated murder statute considered by the Supreme

---

[3] ORS 161.067(1) provides, in relevant part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Court in *Barrett*, enumerated different theories by which the offense is enhanced. In *Barrett*, the court had recognized that, despite the conclusion that the convictions should merge, there were reasons why the "defendant's record should depict the full extent of his involvement in the criminal conduct that led to the victim's death." 331 Or at 36. The court said, "[w]e think that the appropriate procedure would have been to enter one judgment of conviction reflecting the defendant's guilt on the charge of aggravated murder, which judgment separately would enumerate each of the existing aggravating factors." *Id*. at 37. Relying on *Barrett*, we held in *White* that the same procedure was appropriate under the kidnapping statute, and that only a single judgment of conviction for kidnapping could be entered, stating the theories of conviction. *White*, 202 Or App at 13.

■         Clearly, in light of *White* and *Barrett*, the two kidnapping convictions in this case should have merged. As we have noted, the state concedes that much. But, as the state correctly contends, that does not end the matter. The dispositive question is not merely whether the convictions should have merged, but whether, at the time the convictions were entered, reasonable counsel would have raised the issue. On that question, the state insists that, at the relevant time, the issue was not nearly as clear as it is now. In particular, the state notes that, two years after the Supreme Court decided *Barrett*, the court issued a decision in *State v. Barnum*, 333 Or 297, 39 P3d 178 (2002), which, the state contends, introduced considerable confusion to the subject of merger of convictions.

In truth, the law pertaining to merger of convictions has not always been clear. It is fair to say that *Barnum*, in particular, muddied the waters on the question, at least for a time.

In *Barnum*, the defendant was convicted of two separate counts of first-degree burglary, ORS 164.225, one based on his having entered and remained in the victim's house with the intent to commit arson, and one based on his having entered and remained in the victim's house with the intent to commit theft. 333 Or at 300. The court had before it the question whether the defendant could properly be convicted of

both counts. Citing the discussion from *Barrett* in which the court had explained why, despite its conclusion that there could only be a single judgment of conviction, "there are cogent reasons why defendant's record should depict the full extent of his involvement in the criminal conduct that led to the victim's death," 331 Or at 36-37, the court explained in *Barnum* that "[i]f the trier of fact found that each element of each count had been proved beyond a reasonable doubt, then defendant properly could be convicted of both counts of burglary, regardless of whether the two violations were separately punishable." 333 Or at 302. The court held in *Barnum* that there was sufficient evidence to convict the defendant of both counts of burglary. 333 Or at 302-03.

Following *Barnum*, this court decided *State v. Lucio-Camargo*, 186 Or App 144, 62 P3d 811 (2003), a burglary case in which we explained our "quandary" in attempting to reconcile *Barnum* with the Supreme Court's prior case law:

> "*Barnum* appears, without explanation, to authorize multiple convictions and punishments even though the defendant's conduct violated only one statutory provision and does not otherwise qualify under subsections (2) and (3) of ORS 161.067."

*Lucio-Camargo*, 186 Or App at 154. We noted the apparent conflict between *Barnum*, on the one hand, and *Barrett* and at least two other Supreme Court opinions, *State v. Crotsley*, 308 Or 272, 276-77, 779 P2d 600 (1989), and *State v. Tucker*, 315 Or 321, 845 P2d 904 (1993), on the other. In attempting to reconcile *Barnum* with those cases, we stated:

> "Perhaps the court believed that the issue of whether separate convictions for burglary could be entered for a single unlawful entry was not before it, thus leading to the failure to discuss that issue. Regardless, we are left to discern the implications of *Barnum* in this case, which has different facts and, arguably, a different issue.
>
> "As we have said previously, the issue here is whether, in the language of ORS 161.067, there are separately punishable offenses for burglary because of defendant's unlawful entry into the victim's premises with the intent to commit two separate crimes. We think that this case is more like *Barrett* than *Barnum*. We continue to believe that the threshold question is whether defendant violated more

than one statutory provision within the meaning of ORS 161.067(1). For the reasons expressed in our initial opinion, we conclude that ORS 164.225 is a single statutory provision that can be violated in alternative ways and that, consequently, defendant's conduct was a violation of only one statutory provision for purposes of that subsection."

*Lucio-Camargo*, 186 Or App at 155-56.

Thus, at the time of petitioner's sentencing in August 2004, this court's opinion in *Lucio-Camargo* was the most recent appellate decision analyzing the issue of merger of convictions under ORS 161.067(1), and it had applied the Supreme Court's analysis in *Barrett* in determining whether more than one statute has been violated within the meaning of that statute.[4]

We subsequently decided *White*. In affirming our decision, 341 Or at 637, the Supreme Court explained that *Barnum* had been incorrectly decided. The court rejected the state's suggestion that *Barnum* stands for the proposition that ORS 161.067 "functions primarily as a 'gatekeeper' statute, aimed at determining whether multiple convictions are potentially subject to consecutive sentencing" under ORS 137.123, rather than whether a defendant could be properly convicted of the multiple offenses. *White*, 341 Or at 634. The court held that *Barnum* was inconsistent with the words and history of ORS 161.067 and the court's previous cases. The court said that *Barrett* "maps out the proper approach to the question whether defendant's conduct * * * violated 'two or more statutory provisions' * * * for purposes of ORS 161.067(1)." *White*, 341 Or at 638. The court reasoned that, as in *Barrett*, the legislature intended the burglary statute to provide two alternative ways to commit the offense, but did not define those alternatives in a way that would permit multiple burglary convictions to arise out of a single unlawful entry. *White*, 341 Or at 640. The court further rejected the contention that multiple convictions could be entered under

---

[4] We note that the state petitioned for review of our opinion in *Lucio-Camargo* and that the Supreme Court allowed review, but that the defendant subsequently died. On February 18, 2004, the Supreme Court dismissed the petition for review and vacated our decision in *Lucio-Camargo*. 336 Or 422, 86 P3d 1139 (2004). We recognize that *Lucio-Camargo*, is not authoritative; however, it demonstrates the confused state of the law at the time of sentencing.

ORS 161.067(3), as repeated violations of the same statutory provision. The court stated:

> "[G]iven that we have rejected the idea that the legislature intended to define as a separate crime the act of remaining unlawfully in a building after an unlawful entry, the idea that one could unlawfully enter a building in question only once yet 'repeatedly' violate the burglary statute cannot be sustained."

*White*, 341 Or at 640.

In this case, the state now asserts that, in light of the unpredictable path of the law from *Barrett* to *Barnum* to *White*, trial counsel was not ineffective or inadequate in failing to seek a merger of the two kidnapping convictions. According to the state, "not every reasonable trial counsel would have understood that defendant's kidnapping convictions should merge." The state contends that, due to the unclear state of the law subsequent to *Barnum*, a reasonable attorney in 2004 could have concluded that the kidnapping statute defined multiple crimes and that a defendant could lawfully receive two convictions for first-degree kidnapping arising out of the same conduct or criminal episode if the evidence established the different theories for enhancement of the offense.

The state, however, misapprehends the applicable test for determining the constitutional adequacy of counsel. The existence of uncertainty as to the nature of the applicable law does not, by itself, excuse a lawyer from making arguments about that uncertain law, if the argument would benefit the client. The Supreme Court addressed that very point in *Burdge*, in which the state had urged the court to adopt the position that a lawyer is *never* constitutionally inadequate for failing to raise an unsettled question of law. The court expressly rejected the state's contention:

> "The correct standard is whether counsel exercised reasonable professional skill and judgment. Even if the meaning of a statute remains unsettled, the statute may so obviously offer possible benefits to a defendant that any lawyer exercising reasonable professional skill and judgment would raise it. It is the 'reasonable professional skill and judgment' standard, and not generalized and imprecise rules of

thumb such as 'unsettled questions of law,' that determines whether counsel rendered inadequate assistance."

*Burdge*, 338 Or at 500.

Thus, the question that we must address is whether, despite the ambiguity in the case law, the benefits to defendant of raising the merger issue were so obvious that any lawyer exercising reasonable professional skill and judgment would have done so. We conclude that the answer is yes.

As the Supreme Court pointed out in *Barrett*, the question is one of statutory construction. At the time of petitioner's sentencing, the issue of merger had been addressed in the context of cases involving aggravated murder, *Barrett*, 331 Or at 33-36; first-degree rape, *Crotsley*, 308 Or at 274; and burglary, *Tucker*, 315 Or at 331. It had not yet been addressed in the context of the kidnapping statutes. As this court stated in its first opinion in *State v. Lucio-Camargo*, 172 Or App 298, 305, 18 P3d 467 (2001), the Supreme Court made clear in *Barrett* that the question whether the defendant has violated more than one statutory provision within the meaning of ORS 161.067(1) is largely dependent on an interpretation of the statutory provisions defining the offense and whether they show that by listing separate theories for conviction, the legislature intended to address "separate and distinct legislative concerns." *Lucio-Camargo*, 172 Or App at 305. At the time of petitioner's sentencing, reasonable counsel would have understood that, despite *Barnum*, the question was open whether multiple kidnapping convictions based on separate theories must merge.

In light of *Barrett* and *Lucio-Camargo*, and the similarity in the structure of the aggravated murder statutes, the burglary statutes, and those involving kidnapping, we conclude that reasonable counsel should also have concluded that raising the issue of merger in the context of kidnapping was likely to be beneficial to petitioner. We conclude for those reasons that any lawyer exercising reasonable professional skill and judgment would have raised the issue whether defendant's kidnapping convictions should merge under ORS 161.067(1). *See Burdge*, 338 Or at 500. Accordingly, we conclude that the post-conviction court erred in concluding that

petitioner's trial counsel was not ineffective in failing to raise the merger question at sentencing.

Reversed and remanded with instructions to enter judgment granting post-conviction relief and resentencing on kidnapping convictions; otherwise affirmed.