Argued and submitted July 28, 2005, reversed and remanded for entry of single
conviction for failure to appear July 19, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# RAUL CAMARENA-VELASCO,
*Appellant.*

MI040140, MI040141;
A124602 (Control), A124603
(Cases Consolidated)

139 P3d 979

Tammy W. Sun, Deputy Public Defender, argued the
cause for appellant. With her on the brief were Peter A.
Ozanne, Executive Director, and Peter Gartlan, Chief
Defender, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued
the cause for respondent. With her on the brief were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor
General.

Before Landau, Presiding Judge, and Schuman* and
Ortega, Judges.

---

\* Schuman, J., *vice* Richardson, S. J.

ORTEGA, J.

## ORTEGA, J.

Defendant appeals two convictions for failure to appear in the second degree, ORS 162.195, contending that the trial court should have merged his convictions because they were based on violation of a single release agreement and therefore were based on the same conduct.[1] On review for errors of law, viewing the evidence in the light most favorable to the state, *State v. Barnum*, 333 Or 297, 302, 39 P3d 178 (2002), we agree with defendant and, therefore, reverse.

Defendant originally was charged with driving under the influence of intoxicants (DUII), ORS 813.010, and recklessly endangering another person, ORS 163.195. Because he missed a scheduled court appearance for the case involving those charges, a second prosecution was initiated against him for failure to appear in the second degree. ORS 162.195.[2] He signed a single release agreement in connection with both cases in which he promised to appear at all subsequent court proceedings. On January 27, 2004, defendant again missed a scheduled court appearance for the two cases. The district attorney initiated two more failure to appear cases against defendant, one based on his failure to appear in the underlying case charging DUII and reckless endangerment and the other based on his failure to appear in the previous case charging failure to appear. The two new failure to appear cases were consolidated, and defendant pleaded guilty to both charges. His counsel asked the court to merge those two charges. The trial court refused, and defendant was convicted of and sentenced on the two failure to appear charges. Defendant now challenges the trial court's failure to merge the two convictions that arose from the January 27

---

[1] Defendant's sentences ran concurrently and are not challenged in this appeal.

[2] ORS 162.195 provides, in part:

"(1) A person commits the crime of failure to appear in the second degree if the person knowingly fails to appear as required after:

"(a) Having by court order been released from custody * * * under a release agreement * * * upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a misdemeanor[.]"

court date on the ground that they violated a single release agreement and therefore were based on the same conduct.

The state identifies ORS 161.067 as controlling. That statute provides, in part:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. * * *

"* * * * *

"(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation * * * must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. * * *"

The state concedes that subsection (1) is inapplicable in that the offenses do not violate "two or more statutory provisions," but it contends that subsection (2) applies because the two failure to appear offenses can be seen as involving two "victims." In the state's view, when defendant failed to appear on January 27, he violated two separate obligations to appear, one relating to the proceeding involving the DUII and reckless endangerment offenses and the other relating to the proceeding involving the prior failure to appear charge.

We disagree. As the state concedes, subsection (1) is inapplicable because only one statutory provision has been violated. Subsections (2) and (3) likewise are inapplicable because the criminal conduct did not involve any victims within the meaning of the statute. That is so because, as we have previously recognized, the state is not a "victim" for purposes of ORS 161.067. *See State v. Ott*, 96 Or App 511, 514, 773 P2d 19, *rev den*, 308 Or 382 (1989) ("[F]or purposes of

ORS 161.062(4),[3] the term 'victim' does not encompass * * * the state.").

Moreover, our holding in *State v. Eastman*, 112 Or App 256, 828 P2d 484 (1992), supports the conclusion that defendant can be convicted of only one failure to appear for missing the January 27 court date. In *Eastman*, the defendant signed four separate release agreements involving five separate charges. 112 Or App at 258. When he failed to appear for sentencing on all the charges, he was charged and convicted of four counts of failure to appear in the second degree. *Id*. The defendant appealed, arguing that the trial court should have entered only one conviction because the violations occurred on the same date, and at the same time and place. *Id*. Affirming the convictions, we explained that "[t]he gravamen of the offense [of failure to appear] is the violation of a release * * * agreement." *Id*. Even though there was one act of failing to appear, that act violated four separate agreements. *Id*. at 259. Because each violation of each agreement constituted a discrete violation of the statute, the defendant could be convicted of four separate charges, one conviction for each agreement. *Id*.

Here, when defendant failed to appear at the January 27 court hearing, he violated only *one* agreement. Under our reasoning in *Eastman*, defendant's violation of a single release agreement constituted a single violation of the statute, punishable by only one conviction for failure to appear. Accordingly, the trial court erred by entering separate convictions.

Reversed and remanded for entry of single conviction for failure to appear.

---

[3] As we have recognized previously, the provisions of ORS 161.067, the statute at issue here, duplicate in major part *former* ORS 161.062 (1985), *repealed by* Or Laws 1999, ch 136, § 1. *See State v. Lucio-Camargo*, 172 Or App 298, 303 n 4, 18 P3d 467 (2001), *vac'd on other grounds*, 334 Or 491, 52 P3d 1056 (2002). Because the relevant portions of those statutes are identical for the purposes of our analysis here, we do not differentiate between the two.