Submitted July 29, 2010, convictions for fourth-degree assault and convictions for contempt reversed and remanded with instructions to enter a judgment of conviction for one count of fourth-degree assault and one count of contempt; remanded for resentencing; otherwise affirmed March 30, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRIAN QUINCY MASON, JR.,
*Defendant-Appellant.*

Washington County Circuit Court
C080754CR; A138885

250 P3d 976

Peter Gartlan, Chief Defender, and Mary Shannon Storey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Lipscomb, Senior Judge.*

LIPSCOMB, S. J.

---

* Lipscomb, S. J., *vice* Armstrong, J.

## LIPSCOMB, S. J.

This is a criminal proceeding in which defendant contends on appeal that the trial court's findings of guilt on four separate criminal counts should have been merged and should thereby have resulted in two, rather than four, convictions. For the reasons that follow, we reverse and remand for resentencing.

The case arises out of a domestic violence episode that resulted in defendant being charged with two felony counts of assault in the fourth degree, two misdemeanor counts of assault in the fourth degree, one count of harassment, and one count of interference with making a police report, as well as two counts of contempt for violating a previous release agreement requiring him to avoid both the victim and her residence. Defendant waived his right to a jury trial and proceeded to trial before the court. The trial court found him guilty as to each of the counts set forth above, while dismissing one additional charge.

At the subsequent sentencing hearing, the trial court determined that the two counts of felony fourth-degree assault should be merged because there was not a sufficient pause between the two assaultive incidents. Nevertheless, when the district attorney's office prepared a form of judgment, that proposed judgment recited that the two counts of felony assault were "merged for purposes of sentencing" and set forth concurrent sentences on each conviction. Similarly, despite the trial court's conclusion that the contempt counts should also be merged, the state's proposed form of judgment recited only that those two counts of contempt of court were "merged for purposes of sentencing" and set out concurrent sentences on each of those convictions as well.

That form of judgment was presented to the court and signed by the sentencing judge the very next day. Thereafter, it was entered into the record without further discussion by the court. There were apparently no objections raised by defendant's trial counsel prior to the entry of the judgment, although that may have been due to the limited opportunity available to do so.[1] *See Peeples v. Lampert*, 345 Or 209,

---

[1] Defendant's appellate counsel did thereafter file a motion to correct the judgment to reflect the trial court's rulings at the time of the sentencing hearing that

220, 191 P3d 637 (2008) ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue.").

■    On appeal, defendant argues that the two counts of felony fourth-degree assault should have been merged into a single conviction and that the two counts of contempt should have been merged into a single conviction as well.

■    Whether multiple guilty verdicts merge into a single conviction is a question of law that this court reviews for legal error. *State v. Barnum*, 333 Or 297, 302, 39 P3d 178 (2002), *overruled on other grounds by State v. White*, 341 Or 624, 147 P3d 313 (2006). In doing so, we are bound by the trial court's findings of fact so long as they are supported by the evidence. Our function in these cases is to decide whether the trial court correctly applied the applicable legal principles to those facts. *State v. Huffman*, 234 Or App 177, 183, 227 P3d 1206 (2010).

This case is controlled by *State v. Watkins*, 236 Or App 339, 236 P3d 770, *rev den*, 349 Or 480 (2010), and by *State v. Camarena-Velasco*, 207 Or App 19, 139 P3d 979 (2006). In *Watkins*, as here, the defendant was found guilty of multiple counts of felony assault. There, we concluded:

> "As our holdings and analysis in *Sanders* and *Sullivan* demonstrate, in circumstances akin to those presented here, where a defendant has been found guilty on multiple counts of assault arising from the same criminal episode and involving the same victim, the court must merge those guilty verdicts unless the state proves that 'one assault ended before the other began.'"

236 Or App at 348 (quoting *State v. Sanders*, 185 Or App 125, 130, 57 P3d 963 (2002), *adh'd to as modified on recons*, 189 Or App 107, 74 P3d 1105 (2003), *rev den*, 336 Or 657 (2004)).

In *Watkins*, the trial court concluded that there was not a sufficient pause to meet the statutory requirement, and, accordingly, we determined that the record permitted only one legally correct outcome with respect to the operation

---

the counts merged, but, by then, the trial court judge was no longer sitting in that court, and the judge assigned to rule on the motion simply denied it without comment.

of ORS 161.067(3)—that is, that the guilty verdicts must merge.[2] In this case, like *Watkins*, the trial court also determined that there was not a sufficient pause to meet the statutory requirement; rather, both counts involved a single episode of assault on a single individual and, therefore, there is only one legally correct course of action that could follow from that finding by the trial court.[3] The guilty verdicts must be merged into a single conviction. Therefore, the judgment in this case, which treated the two guilty verdicts on the two felony assault counts as two separate convictions and merely "merge[d] [the two] for sentencing purposes," rather than merging the two guilty verdicts into a single conviction, simply cannot stand.[4]

■    Similarly, with respect to the two contempt convictions, although defendant violated two provisions of a single release agreement, the trial court specifically determined those two counts should be merged because each resulted from the same factual basis: a single course of conduct. And, as set forth in the transcript of the sentencing hearing, at that time the state's attorney verbally agreed as well. But, the judgment prepared by the district attorney's staff and signed and entered by the court once again treated those two counts only as "merged for purposes of sentencing."

As this court noted in *Camarena-Velasco*, 207 Or App at 23, multiple violations of a single release agreement should normally merge into one conviction. The essence of

---

[2] The trial court in *Watkins* had stated, "I don't believe that there is a showing of sufficient pause between the incidents to not merge them." We explained: "Given that express determination, the trial court erred when it failed to merge the guilty verdicts on seven counts of second-degree assault into one conviction for second-degree assault." *Watkins*, 236 Or App at 348.

[3] The trial court concluded at the end of the attorneys' arguments on this point: "I don't think the testimony is real good here as to how long—there was a pause * * *. And it was all kind of the same time. So I am going to merge Counts 1 and 2."

[4] To be perfectly clear, the phrase "merged for sentencing purposes" is a misnomer and should never be used because it improperly conflates two distinct parts of the criminal process: the entry of convictions and the imposition of sentences. The concept of merger relates to the former and is controlled by ORS 161.067. The imposition of consecutive or concurrent sentences relates to the latter and is controlled by ORS 137.123. The two statutes operate independently. *See State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009); *State v. Merrick*, 224 Or App 471, 472, 197 P3d 624 (2008).

the charge is that the court's order was violated. That is the contempt.[5] We see no reason to vary from that decision under the facts of this case in which defendant violated two separate provisions of his release agreement during a single course of conduct.

Convictions for fourth-degree assault and convictions for contempt reversed and remanded with instructions to enter a judgment of conviction for one count of fourth-degree assault and one count of contempt; remanded for resentencing; otherwise affirmed.

---

[5] In seeking to uphold the dual contempt convictions in this case on appeal, the state argues that, in this case, unlike *Camarena-Velasco*, defendant violated two separate provisions of his release agreement, rather than just one provision. Although there may be two distinct provisions of the court's release agreement violated by a single course of conduct by defendant, as occurred here in entering the victims' home and assaulting them, thereby being both "within 100 yards" of the victims' residence and also "contacting" them, nevertheless only one court order, a single release agreement, was violated. The contempt consists of the violation of that order. *See* ORS 135.290(2); ORS 33.015(2)(b), (e).