On respondent on review's petition for reconsideration filed March 7, considered and under advisement March 30,* petition for reconsideration allowed; former opinion modified and adhered to as modified April 21, 2011

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## BARRY LOWELL BARGER,
*Petitioner on Review.*

(CC 200721991, 200801740;
CA A138678 (Control), A138679;
SC S058345)

253 P3d 1030

Erika L. Hadlock, Senior Assistant Attorney General, Salem, filed the petition for reconsideration. With her on the petition were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

No appearance *contra.*

PER CURIAM

_____

* 233 Or App 621, 226 P3d 718 (2010), *rev'd*, 349 Or 553, 247 P3d 309 (2011).

## PER CURIAM

The state seeks reconsideration of this court's opinion in *State v. Barger*, 349 Or 553, 247 P3d 309 (2011). We allow the petition for reconsideration, modify our earlier opinion as described below, and, as modified, adhere to that opinion.

In this case, the court consolidated the review of two separate Lane County Circuit Court cases. In one, Case No. 200801740, defendant had been convicted of several counts of Encouraging Child Sexual Abuse in the Second Degree. In the other, Case No. 200721991, defendant had been convicted of a variety of sex crimes. This court reversed the convictions for Encouraging Child Sexual Abuse in the Second Degree in the first case, holding that evidence that defendant had accessed and viewed images of child sexual abuse on the Internet would not, by itself, support an inference that defendant had "possessed" or "controlled" those images within the meaning of ORS 163.686. The court concluded with the following disposition:

> "The decision of the Court of Appeal is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court with instructions to enter a judgment of acquittal."

349 Or at 567.

The state seeks reconsideration, expressing concern that, although the court's opinion addressed only defendant's convictions for Encouraging Child Sexual Abuse in the Second Degree in Case No. 200801740, and not any of the convictions in the other case, this court's instructions to the circuit court to enter a judgment of acquittal could be construed to apply to both cases.

We allow reconsideration to clarify the scope of our disposition and of our instructions on remand. Although the body of our opinion is clear, we agree that our instructions on remand should be more explicit to avoid potential confusion. Accordingly, we withdraw the final dispositional paragraph of our previous opinion and insert in its place the following paragraph:

"The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court in Case No. 200801740 is reversed, and the case is remanded to the circuit court with instructions to enter a judgment of acquittal in Case No. 200801740. The judgment of the circuit court in Case No. 200721991 is affirmed."

The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.