Argued and submitted December 12, 2011, in Case No. 09C42021, conviction for compelling prostitution reversed; remanded for resentencing; otherwise affirmed; in Case No. 08C43424, affirmed April 11, 2012

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## FLAVIO URBINA,
### *Defendant-Appellant.*

Marion County Circuit Court
08C43424, 09C42021;
A143519 (Control), A143520

278 P3d 33

Jason E. Thompson argued the cause for appellant. With him on the brief was Ferder Casebeer French & Thompson, LLP.

Pamela J. Walsh, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

In these consolidated cases, defendant appeals convictions for first-degree sodomy, ORS 163.405, first-degree sexual abuse, ORS 163.427, first-degree encouraging child sexual abuse, ORS 163.684, compelling prostitution, ORS 167.017, and fourth-degree assault, ORS 163.160. Defendant advances six assignments of error, arguing that the trial court erred by (1) excluding evidence of bias by one of the victims who testified at trial; (2) prohibiting defendant from offering certain expert testimony; (3) failing to grant a judgment of acquittal on the charges of first-degree encouraging child sexual abuse; (4) failing to do the same on the charge of compelling prostitution; (5) failing to declare a mistrial based on the prosecutor's comments and body language during closing arguments; and (6) not merging the verdicts for encouraging child sexual abuse into a single conviction. We reject defendant's first two assignments (exclusion of evidence) and fifth assignment (mistrial) without discussion. And, for the reasons that follow, we also affirm the convictions for first-degree encouraging child sexual abuse, but we reverse the conviction for compelling prostitution.

Defendant was convicted of two counts of first-degree encouraging child sexual abuse based on forensic evidence of child pornography seized from his home computer. Under ORS 163.684(1)(a)(A) (2009), a person commits first-degree encouraging child sexual abuse if the person

> "[k]nowingly develops, *duplicates*, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells *any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child* or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it * * *."[1]

(Emphasis added.) The state presented evidence that defendant installed a software program on his home computer that allowed him to access a peer-to-peer file-sharing network via

---

[1] We cite the 2009 version of the statute, the same version that was originally enacted in 1995 and was in effect when defendant committed the crimes. The statute was amended in 2011. Or Laws 2011, ch 515, § 3.

his Internet connection. Defendant used that software to search the network for files related to child pornography, selected file names from his queries by highlighting them with his cursor, and then double-clicked on the file names to initiate a download request. The downloaded files, including two videos of a child engaged in sexually explicit conduct, were saved to the hard drive of his home computer. The state also presented evidence that defendant had attempted to delete the files from his hard drive but that, with special forensic software, the files (or parts of them) were recoverable.

On appeal, defendant argues that the state failed to prove that he actually "duplicated" the videos at issue within the meaning of ORS 163.684, let alone "knowingly duplicated" them. According to defendant, duplication, at least for purposes of ORS 163.684, refers to those who *produce* and *distribute* child pornography, and "not those who merely possess it without that intention." Moreover, he argues, there is no evidence that he knew (1) that, by highlighting and double-clicking on the files, they would create a duplicate on his computer or (2) that the files he highlighted and double-clicked would actually contain child pornography—in defendant's words, "the name of an electronic file, even strongly *indicative* of child pornography" does not show that the file itself will "*necessarily* contain child pornography." (Emphasis added.) Defendant concedes that he did not advance those contentions below, but he urges us to review them as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the record.").

The state, meanwhile, argues that, whatever the merits of defendant's interpretation of "knowingly duplicate" under ORS 163.684, the matter is not beyond reasonable dispute—one of the prerequisites of plain error review. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (for error to be plain, (1) it must be an error of law; (2) it must be "apparent," meaning the legal point must be obvious, that is, "not reasonably in dispute"; and (3) it must appear on the record, meaning that the court need not go outside the record or choose between competing inferences to identify the error). We

agree with the state; the error in failing to enter a judgment of acquittal on the charges of first-degree encouraging child sexual abuse, if error at all, was not plain.

Defendant initially contends that, for purposes of ORS 163.684, "duplicating" child pornography requires more than simply downloading such a video from a peer-to-peer file-sharing network. According to defendant, " '[d]own-loading,' just like picking up a magazine, allows the user to view an image," whereas "duplication" refers to "those who 'produce' and 'distribute' pornography." (Citing *State v. Bray*, 342 Or 711, 718, 160 P3d 983 (2007) (explaining that ORS 163.684 prohibits persons "from knowingly committing a series of acts regarding child pornography (and also from possessing child pornography with the intent to commit those acts)," which "[l]ogically * * * divide into two categories: *producing* child pornography and *distributing* it." (Emphasis added.)).)

The question whether a person "duplicates" child pornography within the meaning of ORS 163.684 by down-loading videos from a peer-to-peer network is one of first impression in Oregon—and the answer is not beyond dispute. To begin with, defendant's analogy is unhelpful; down-loading a file from a peer-to-peer network is not like simply picking up a magazine. Rather, there is evidence in this record that, when defendant double-clicked on the file names that resulted from his queries, he requested and received digital copies of videos that were present on other computers in the peer-to-peer file-sharing network. That is, after he down-loaded the videos, he had his *own copies* of them, which he could then display on his own computer whenever he wanted, or could share with others. That type of a file download from a peer-to-peer network is, at least arguably, more than "view-ing" and instead constitutes "duplication" within the ordinary meaning of the term. *See Webster's Third New Int'l Dictionary* 702 (unabridged ed 2002) (defining "duplicate" as "to make double or twofold" and "to be or make a duplicate, copy, or transcript of"). Furthermore, there is a credible argu-ment that downloading a video to a personal computer, which can then be viewed independently of the original video or shared with others in the peer-to-peer network, is precisely the type of proliferation of child pornography that the legis-lature intended to combat in ORS 163.684.

Nor are we persuaded by defendant's contentions regarding the state's proof regarding his mental state, *i.e.*, the "knowingly" requirement in ORS 163.684. In short, the evidence of defendant's intentions and awareness of the downloading process on a peer-to-peer network is not nearly as thin as he suggests. A trier of fact could infer that defendant was a sophisticated enough user of the file-sharing software program, which he installed on his computer, to understand its most basic feature: the ability to share files with other users. In other words, a trier of fact could infer on this record that defendant knew he was searching for, and downloading to his home computer, someone else's videos of children engaged in sexual activity. If the bar for "knowingly" in ORS 163.684 is set higher than that, it is not obvious to us.

The Supreme Court's recent decisions involving second-degree encouraging child sexual abuse, *State v. Ritchie*, 349 Or 572, 248 P3d 405 (2011), and *State v. Barger*, 349 Or 553, 247 P3d 309, *adh'd to as modified on recons*, 350 Or 233, 253 P3d 1030 (2011), are not to the contrary. In *Ritchie* and *Barger*, the court held that the defendants' acts of searching for and viewing child pornography on Internet sites were insufficient to prove that those defendants knowingly "possesse[d] or controll[ed]" the digital images. *Ritchie*, 349 Or at 584-85; *Barger*, 349 Or at 566-67; *see also* ORS 163.686 (a person commits the crime of second-degree encouraging child sexual abuse if the person "knowingly possesses or controls" child pornography). The court reversed the defendants' convictions notwithstanding digital copies of the images that were found in the unallocated space of the defendants' hard drives. *Ritchie*, 349 Or at 578-79; *Barger*, 349 Or at 556.

*Ritchie* and *Barger*, however, are distinguishable from this case both legally and factually. One obvious difference is that *Ritchie* and *Barger* construe different statutory language. Whereas those cases involved the meaning of "possess" and "control" under ORS 163.686, this case involves the meaning of the term "duplicate" in ORS 163.684. But if that difference were not enough, the cases also involve materially different factual records. The conduct at issue in *Ritchie* and *Barger* was limited to displaying digital images on a computer screen; to the extent that there were copies made, it

was an automatic "caching" function of the computer's web browser, a function that would not necessarily be known to "[c]omputer users with ordinary skills."[2] *Barger*, 349 Or at 556. Indeed, as Chief Justice De Muniz emphasized in his concurrence in *Barger*,

> "the prosecution made a choice in both these cases not to argue that the legislature had intended that the 'possession or control' element of ORS 163.686 could be satisfied by *the storage* in the computer's temporary Internet cache, and later in the unallocated space in the computer's hard drive, of the digital images that each defendant had viewed."

349 Or at 568 (De Muniz, C. J., concurring) (emphasis added). Here, by contrast, there is evidence that defendant installed and used a file-sharing program that allowed him to save copies of the videos to his own computer, which he could then access whenever he wished. Neither *Ritchie* nor *Barger* addresses that type of conduct. For that reason, and the others set forth above, we conclude that the trial court did not plainly err in failing to enter a judgment of acquittal on the charges of first-degree encouraging child sexual abuse.

Alternatively, defendant argues that, even if he was not entitled to a judgment of acquittal on the two counts of first-degree encouraging child sexual abuse, the trial court nonetheless erred in entering two separate convictions. Defendant did not preserve that contention either, and is thus limited to arguing plain error. According to defendant, the only possible "victim" of the crime of first-degree encouraging child sexual abuse is the state. Consequently, he argues, Oregon's antimerger statute, ORS 161.067, is not applicable at all, *see State v. Camarena-Velasco*, 207 Or App 19, 22, 139 P3d 979 (2006) ("[T]he state is not a 'victim' for purposes of ORS 161.067."), and even if the statute were to apply when the state is the victim, the alleged "duplication sessions" were not separated by a sufficient pause to support separate convictions for the two videos, ORS 161.067(3).[3]

---

[2] In *Ritchie*, there was evidence in the record that the defendant had done more than simply open the images on his computer screen, but "the state chose not to make a separate issue out of those factual differences." 349 Or at 584.

[3] ORS 161.067 provides:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the

We have previously held that defendant's premise—namely, that the "victim" in ORS 163.684 is the state and not the child in the image or video—is a matter reasonably in dispute:

> "The issue raised by the parties' arguments is how many victims were involved in defendant's crimes. That is, it is not clear whether—when multiple charges are based on images of different children—ORS 163.684 contemplates that there was one victim or more than one victim, or whether the statute is intended instead to promote the general welfare of children, rather than to address a criminal act committed against a particular person. Because ORS 163.684 is subject to all of the above interpretations, it is not clear which subsection of ORS 161.067, if any, governs the merger issue in this case. No Oregon case has addressed that issue, and the answer is not obvious. Because that point of law is reasonably in dispute, the trial court did not commit plain error in entering separate convictions."

*State v. Betnar*, 214 Or App 416, 433, 166 P3d 554 (2007). We are still of that view and therefore reject defendant's unpreserved merger arguments.[4]

We turn, next, to defendant's unpreserved argument regarding his conviction for compelling prostitution. The

---

others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of [certain enumerated statutes] * * *;

"(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse as defined in ORS 163.305, and each method of engaging in unlawful sexual penetration as defined in ORS 163.408 and 163.411 shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

[4] Defendant does not argue that the videos involved a single child, and without briefing on that unpreserved issue, we do not address it.

state charged defendant with violating ORS 167.017(1) (2009),[5] which makes it a crime to (a) use force or intimidation to compel another to engage in prostitution, (b) induce or cause a person under 18 to engage in prostitution, or (c) induce or cause the person's spouse, child, or stepchild to engage in prostitution. The state presented evidence that defendant provided gifts and money to a child victim in exchange for sexual contact. Defendant now argues that the state failed to prove a violation of ORS 167.017(1), which applies to third-party promoters of prostitution rather than patrons. *State v. Vargas-Torres*, 237 Or App 619, 627, 242 P3d 619 (2010) ("[T]here is no evidence that defendant acted as a third-party promoter, and that is what is required for compelling prostitution."). Defendant requests that we exercise our discretion to correct the error by reversing his conviction.

The state concedes that, in light of *Vargas-Torres*, which was decided after defendant's trial, the evidence in this record—that defendant offered gifts and money in exchange for sexual contact—is plainly insufficient to support a conviction for *compelling* prostitution. Nonetheless, the state argues that the record is sufficient to support a conviction for prostitution, ORS 167.007, a crime involving "pay[ing] or offer[ing] or agree[ing] to pay a fee to engage in sexual conduct or sexual contact." *See Vargas-Torres*, 237 Or App at 626 ("Patrons are subject to prosecution for prostitution, under ORS 167.007."). Thus, the state argues, "[t]his court should vacate the conviction for compelling prostitution, and remand for a conviction of the lesser-included offense of prostitution and for resentencing."

The state offers no explanation or authority for its assertion that prostitution is a lesser-included offense of compelling prostitution. Nor is that a self-evident proposition. In *Vargas-Torres*, we explained that the crime of compelling prostitution, ORS 167.017, "is one of three statutes, enacted as part of the 1971 Criminal Code, to criminalize prostitution-related activities":

---

[5] As was the case with ORS 163.684, we cite the 2009 version of the statute, the same version that was in effect at the time of defendant's conduct. The statute has since been amended. Or Laws 2011, ch 334, § 1.

"The statutes define three different, and increasingly serious, crimes. The first statute, ORS 167.007, defines prostitution, and it applies to prostitutes and patrons. The second statute, ORS 167.012, defines promoting prostitution, and, according to the commentary to the criminal code, it applies to persons engaged in 'conduct characteristic of prostitution *carried on as a commercial enterprise*.' Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 251, 241 (July 1971) (emphasis added). 'It is designed to reach the typical "panderer," "pimp" and "madam." ' *Id.* The third statute, ORS 167.017, which is the statute at issue in this case, defines the crime of compelling prostitution. * * *

"* * * * *

"* * * [T]he context and legislative history establish that promoting prostitution and compelling prostitution (as an aggravated form of promoting prostitution) are intended to apply to those engaged in prostitution 'carried on as a commercial enterprise,' that is, 'panderer,' 'pimp,' and 'madam.' They apply to third-party promoters, not patrons. Patrons are subject to prosecution for prostitution, under ORS 167.007."

237 Or App at 624-26 (footnotes omitted).

In other words, for purposes of the statutory scheme, compelling or promoting prostitution are different in kind, not degree, from engaging in prostitution itself. Here, the state did not prove that defendant committed a lesser-included offense of the crime charged; if anything, it proved an entirely different offense. Under those circumstances, where the state failed to prove the alleged crime, the correct remedy on appeal is reversal of the conviction. *E.g.*, *Vargas-Torres*, 237 Or App at 627 (reversing conviction for compelling prostitution where the defendant induced the victim to engage in prostitution with the defendant rather than with others).

In sum, we conclude that defendant's conviction for compelling prostitution was not supported by sufficient evidence in the record. We further conclude that it is appropriate under the circumstances—particularly, our intervening decision in *Vargas-Torres*—to exercise our discretion to correct the now-plain error by reversing the conviction. *See State*

*v. Inloes*, 239 Or App 49, 51, 243 P3d 862 (2010) ("Although the failure to move for a judgment of acquittal is ordinarily fatal to an unpreserved challenge to the sufficiency of the evidence, we conclude that, given the intervening elucidation of controlling legal principles * * *, the entry of convictions for criminal mistreatment on this record constitutes plain error, and we affirmatively exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991), to address and remedy that error.").

In Case No. 09C42021, conviction for compelling prostitution reversed; remanded for resentencing; otherwise affirmed. In Case No. 08C43424, affirmed.