Submitted November 2, reversed and remanded with instructions to enter a judgment finding defendant in contempt on a single count December 19, 2012

Tamara T. PAVLOVETS,
*Petitioner,*

*v.*

AMIR REZA KARIMZADEH,
*Respondent.*

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMIR REZA KARIMZADEH,
*Defendant-Appellant.*

Washington County Circuit Court
C110761RO; A148655

292 P3d 665

Kenneth A. Kreuscher and Portland Law Collective, LLP, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, filed the brief for respondent State of Oregon.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to three counts of contempt based on his violation of a restraining order. On appeal, defendant argues that the trial court plainly erred by entering three separate convictions when, in fact, each of the counts was based on a single course of conduct that violated three separate provisions of a restraining order.

The state concedes that the trial court plainly erred in that respect. *See State v. Mason*, 241 Or App 714, 719, 250 P3d 976 (2011) (violation of separate provisions of a release agreement during a single course of conduct should merge into a single contempt). We agree that the judgment is plainly erroneous, accept the concession of error, and exercise our discretion to correct the error so that the record will not "misstate the nature and extent of defendant's criminal conduct." *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008).

Defendant also argues that the trial court plainly erred in entering "convictions" for contempt, because contempt is not a crime. *See State v. Campbell*, 246 Or App 683, 267 P3d 205 (2011) (accepting state's concession that contempt is not a crime and that the court erred in entering a conviction for contempt). The state disputes that characterization of the judgment, which is not titled as a conviction but does refer to defendant being "convicted" of the three counts. As the state points out, we need not address that issue because the trial court will be able to easily correct the judgment on remand so that it does not refer in any way to defendant being "convicted."

Reversed and remanded with instructions to enter a judgment finding defendant in contempt on a single count.