Argued and submitted August 28, 2013, reversed and remanded March 26, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHERRY MARY KAY POITRA,
*Defendant-Appellant.*

Marion County Circuit Court
10C47950; A148526

323 P3d 563

Lindsey Burrows, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge.

Before Duncan, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.*

GARRETT, J.

_____

* Garrett, J., *vice* Wollheim, J.

**GARRETT, J.**

Defendant appeals from a judgment of conviction entered following a jury trial. The jury convicted defendant on misdemeanor charges of second-degree disorderly conduct, ORS 166.025, and resisting arrest, ORS 162.315. On appeal, defendant argues that the trial court improperly instructed the jury on her defense of self-defense and that she was prejudiced by the erroneous instruction. Because we agree that the instruction was erroneous and could have confused the jury on an issue crucial to the defense, we reverse and remand.

The parties do not dispute the relevant facts. On September 30, 2010, defendant attended a hearing in her son's criminal case. Near the conclusion of the hearing, defendant caused a disturbance from the gallery. The judge instructed defendant not to leave the courtroom. Defendant rose from her seat and began moving toward the door. A deputy sheriff present in the courtroom directed defendant to obey the judge's instruction, but defendant continued toward the door. The deputy then grabbed defendant by the wrist and, with the assistance of another deputy, forced defendant into a sitting position on a bench. The officers then pinned defendant's upper body to the bench. While still restrained, defendant tried to stand up. Two deputies then brought defendant to the ground. She suffered abrasions on her forehead, brow, and cheek.

Defendant was charged with one count each of disorderly conduct in the second degree, resisting arrest, and contempt of court. The disorderly conduct and resisting arrest charges were tried to a jury.[1] At trial, defendant argued that she had acted in self-defense. Following a conference with the parties on jury instructions and after closing arguments, the trial court instructed the jury, in relevant part, as follows:

"I instruct you that a peace officer is justified in using physical force on a person being arrested when and to the extent the officer reasonably believes it necessary to take the person into custody unless the officer knows the arrest

---

[1] The charge of contempt was tried to the court, which found defendant guilty.

is unlawful. The defense of self-defense has been raised and I instruct you that a person is justified in using physical force on a peace officer to defend herself from what she reasonably believes to be the use or imminent use of excessive, unlawful physical force. In defending, a person may use only that degree of force which she reasonably believes necessary under the circumstances. With regard to self-defense, the burden is on the State to prove beyond a reasonable doubt that the defense does not apply."

Defendant timely objected to that instruction. Citing *State v. Oliphant*, 347 Or 175, 218 P3d 1281 (2009), defendant argued that the instruction was erroneous and prejudicial to the extent that it directed the jury to consider the peace officers' state of mind in evaluating defendant's argument that she acted in self-defense.

The jury found defendant guilty on both the disorderly conduct and the resisting arrest charges. Defendant was sentenced to 18 months of bench probation on the disorderly conduct charge and ordered to pay a $412 fine on the resisting arrest charge. The sentence for the contempt charge was discharged by the trial court.

The sole issue on appeal is whether the trial court's instruction to the jury on the issue of self-defense was erroneous and prejudiced defendant. We review jury instructions for errors of law. *State v. Frey*, 248 Or App 1, 3, 273 P3d 143 (2012). An erroneous jury instruction constitutes reversible error if, taken as a whole, the jury instructions "probably created an erroneous impression of the law in the minds of the jur[ors]" and affected the outcome of the case. *State v. Pine*, 336 Or 194, 210, 82 P3d 130 (2003); *State v. Thompson*, 328 Or 248, 266, 971 P2d 879 (1999).

A person's right to use force in self-defense is governed by ORS 161.209, which provides:

"[A] person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

Accordingly, in evaluating a defense of self-defense, a jury must weigh the defendant's state of mind in two respects:

(1) whether the defendant reasonably believed that the victim used or threatened to use unlawful physical force against the defendant; and (2) whether the defendant used a degree of force in self-defense that the defendant reasonably believed was necessary. *State v. Bassett*, 234 Or App 259, 264, 228 P3d 590, *rev den*, 348 Or 461 (2010).

In *Oliphant*, the Supreme Court made explicit what is implicit in the statute: The paramount issue when self-defense is raised is the *defendant's* state of mind. 347 Or at 194. In that case, the defendant was charged with, among other things, resisting arrest. *Id.* at 178. The defendant argued that he had acted in self-defense. *Id.* at 182. The trial court included a jury instruction that "[a] peace officer may use physical force on a person being arrested only when, and to the extent that the officer reasonably believes it necessary to make an arrest." *Id.* at 187 (emphasis omitted). The Supreme Court rejected that instruction under the "plain wording" of ORS 161.209, which "establishes that, in general, a person's right to use force in self-defense depends on the person's *own* reasonable belief in the necessity for such action, and not on whether the force used or about to be used on him actually was unlawful." *Id.* at 191 (emphasis in original). The court held that the trial court had "inserted an irrelevant issue—the arresting officers' actual state of mind—into the jury's deliberations concerning [the defendant's] claim of self-defense." *Id.* at 194.

The trial court here used the same jury instruction regarding the officers' state of mind that was rejected in *Oliphant*. Defendant contends that this was reversible error because, under *Oliphant*, the state of mind of an arresting officer is not relevant to a self-defense analysis and risks confusing the jury, which instead must evaluate the defendant's reasonable belief as to the circumstances.

The state concedes that the jury instructions were flawed in light of *Oliphant* but argues that the material about the peace officers' state of mind was merely "superfluous" and "irrelevant" and did not render the jury instructions, as a whole, erroneous or prejudicial. The state contrasts the inclusion of the single-sentence instruction here with the set of instructions that the Supreme Court considered in

*Oliphant*, which contained a far longer discussion of when officers may use force, including deadly force. The state suggests that the Supreme Court's holding in *Oliphant* was rooted in a concern that the far more extensive instructions in that case may have shifted the jury's focus to the officers' state of mind rather than the defendant's—a concern that is not present here because the instruction as to the officers' state of mind was a smaller part of the whole. Moreover, the state suggests that *some* instruction as to a peace officer's state of mind is not unwarranted, even after *Oliphant*. The reason for this, the state argues, is that the defense of self-defense requires an inquiry into whether the defendant reasonably believed that actual or threatened use of force against him was "unlawful"—and such force is not "unlawful" if the arresting officer "reasonably" believes that it is "necessary." ORS 161.235.

To the extent that the state argues that the inclusion of the jury instruction about the officers' state of mind was anything less than clear error under *Oliphant*, the Supreme Court has disposed of that argument. In *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013), the state asserted, as it does here, that *Oliphant* was distinguishable because it had involved several additional instructions concerning officers' use of force. The Supreme Court rejected that view, explaining that "[t]he other instructions given in *Oliphant* * * * played no part in our assessment" of the challenged instruction. *Id.* (concluding that "the fact that the instruction is an incorrect statement of the law, and thus was error to give under our decision in *Oliphant*, is beyond reasonable dispute").[2]

---

[2] The state alludes to an apparent quandary that results if an officer's state of mind is wholly excluded from jury instructions in a self-defense case. The problem, the state argues, is that a self-defense analysis calls for the jury to consider whether a defendant reasonably believed that the actual or threatened use of force against him was "unlawful," ORS 161.209—and the lawfulness of an officer's use of force depends, in part, on the officer's reasonable belief as to its necessity. ORS 161.235. Therefore, to exclude from the jury instructions any reference to the officer's state of mind is, arguably, to exclude an issue that the jury needs to consider in evaluating whether the defendant's own belief was reasonable. We disagree; it is possible to accurately instruct the jury without expressly referring to the peace officer's state of mind. That is demonstrated by the following statement in *Oliphant*: "If [defendant] believed, and a reasonable person in his position would have believed, that the use or imminent use of force against him *exceeded the force reasonably necessary to effect the arrest*, then he was entitled to

Given that the inclusion of the instruction about the officers' state of mind in this case was clearly erroneous under *Oliphant* and *Vanornum*, we must also address whether defendant was prejudiced. *See Vanornum*, 354 Or at 630 (noting that "the content of other instructions given or not given may bear on whether" the inclusion of the flawed instruction was prejudicial). Although it is true that the jury instructions in this case included less material about an officer's state of mind than was the case in *Oliphant*, we believe that the concerns that led to the decision in *Oliphant* are no less present here. An instruction to the jury about an officer's reasonable belief as to the use of force in making an arrest necessarily detracts from the jury's consideration of the defendant's belief as to that same use of force. The risk of jury confusion is substantial; a jury that believes that an officer acted reasonably may feel obliged to conclude that a defendant did not act reasonably in self-defense. But, as explained in *Oliphant*, it is the defendant's state of mind that is "paramount." 347 Or at 194 (the defendant has "a right to have the jury consider the circumstances surrounding the event from his own point of view").

For the reasons set forth above, we conclude that the jury instructions were erroneous and prejudicial to the extent that they called for the jury to consider the state of mind of the arresting officers.[3]

Reversed and remanded.

---

defend himself from that use of force." *Id.* at 194 (emphasis added). The italicized text captures the "unlawful" element relevant to a self-defense analysis without taking the additional step of inquiring into an arresting officer's actual state of mind.

[3] We note that the judgment includes a conviction of contempt; however, defendant does not challenge that conviction on appeal. *See State v. Caldwell*, 247 Or App 372, 375 n 1, 270 P3d 341 (2011) ("A conviction for contempt is not a proper disposition."); *State v. Campbell*, 246 Or App 683, 267 P3d 205 (2011) (accepting state's concession that contempt is not a crime and that the court erred in entering a conviction for contempt); *see also State v. Gostevskyh*, 256 Or App 472, 300 P3d 306 (2013) (accepting the state's concession that the trial court plainly erred in entering a finding of contempt as a misdemeanor conviction and exercising our discretion to correct the error). On remand, the trial court should correct that mischaracterization. *See Pavlovets / State v. Karimzadeh*, 254 Or App 342, 292 P3d 665 (2012) (failing to reach contention that trial court plainly erred in entering conviction for contempt because "the trial court will be able to easily correct the judgment on remand so that it does not refer in any way to defendant being 'convicted'").