Submitted April 2; reversed and remanded for entry of judgment reflecting two findings of contempt, otherwise affirmed June 3, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HOMER EMERSON ZACHERY,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CN01181; A169283

467 P3d 827

Defendant was found in contempt on five counts of violating a restraining order based on two series of contacts with the protected person on the same day, and the trial court determined that each count was separately punishable under ORS 161.067(3), mainly because of the different means by which the multiple contacts occurred (by texts and voicemails left on a cell phone and a home phone). On appeal, defendant argues that the trial court erred by entering five separate contempt findings and should have instead entered a judgment reflecting a single contempt, because all of the charged conduct involved the same statute and same victim, the conduct was part of a single criminal episode, and there was no evidence of a sufficient pause between the acts. The state concedes that findings on some of the counts should have merged but argues that the trial court should have entered a judgment reflecting two findings of contempt rather than one. *Held*: The state correctly conceded that the record did not support the entry of a judgment reflecting five separate findings of contempt. Standing alone, the change in the means of communication during the criminal episode—from text messages to voicemails left on a cell phone and home phone—did not demonstrate a sufficient pause in defendant's criminal conduct, and the state did not provide additional evidence to show that the contacts within each series were separated by a sufficient pause. However, the evidence was sufficient to show that the 30-minute pause between the two series of contacts afforded defendant an opportunity to renounce his criminal intent, and the trial court did not err in treating the resumed series of contacts as a separately punishable violation.

Reversed and remanded for entry of judgment reflecting two findings of contempt; otherwise affirmed.

Kathryn L. Villa-Smith, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded for entry of judgment reflecting two findings of contempt; otherwise affirmed.

**LAGESEN, P. J.**

Defendant was found in contempt on five counts of violating a restraining order. On appeal, he argues that the trial court erred in failing to merge the findings on those five counts, because all of the charged conduct involved the same statute and same victim, the conduct was part of a single criminal episode, and there was no evidence of a sufficient pause between the acts. *See* ORS 161.067(3) (providing that, when a criminal episode violates only one statutory provision and involves only one victim, repeated violations are separately punishable if they are "separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent"). The state now concedes that findings on some of the counts should have merged. We agree with the state and therefore reverse and remand for entry of a judgment reflecting two findings of contempt rather than five.

Whether multiple findings of contempt must merge under ORS 161.067(3) is a question of law. *State v. Mason*, 241 Or App 714, 717, 250 P3d 976 (2011). When reviewing a claim that the trial court erred in failing to merge contempt findings, we view the facts related to merger consistently with the court's explicit and implicit findings as long as they are supported by the evidence. *Id.*

A detailed discussion of the facts would not benefit the bench, bar, or public. It is enough to observe that, viewed in accordance with our standard of review, the record reflects the following: Defendant was subject to a restraining order that prohibited him from contacting TZ. Despite that order, he engaged in two series of contacts with TZ on the same day. The first series involved text messages and voicemails that expressed anger at TZ and accused her of being a drug dealer. The second series of contacts, which occurred 30 minutes later, also included text messages and voicemails; those contacts referred to a coin that defendant wanted returned to him.

For the various contacts within those two groups, defendant was charged with five counts of contempt. The

trial court found defendant in contempt on all counts and agreed with the state that each count was separately punishable under ORS 161.067(3), mainly because of the different means by which the multiple contacts occurred ("by text, by a call to a cell phone, a call to the land line," which produced separate "conversations"). The court subsequently entered a judgment to that effect, and it imposed bench probation for 18 months and ordered defendant not to contact TZ.

On appeal, defendant renews his argument that the trial court erred by entering five separate contempt findings and asks us to remand for entry of a judgment reflecting a single contempt. In response, the state concedes that its position below and the court's ruling on merger were incorrect, but it disagrees with defendant's view that all of the findings merge. According to the state, instead of finding five separately punishable violations, the court should have entered two findings based on the two distinct groups of contacts.

We agree with and accept the state's concession that the record does not support the entry of a judgment reflecting five separate findings of contempt. Standing alone, a change in the means of communication during a criminal episode of this nature—from text messages to voicemails left on a cell phone and home phone—does not demonstrate a "sufficient pause" between the acts—that is, "a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent." *State v. Huffman*, 234 Or App 177, 184, 227 P3d 1206 (2010). And the state has not provided additional evidence to show a sufficient pause between them, such as the specific timing of each contact within the series or other contextual circumstances of those communications. *See State v. Dugan*, 282 Or App 768, 773, 387 P3d 439 (2016) (merger was required where record demonstrated "only that defendant's acts occurred in sequence over a brief period of time, between 10 and 15 minutes, in a confined space, the victim's entryway, without interruption by any 'significant' event, and without a pause in defendant's aggression").

However, we also agree with the state regarding the sufficiency of the evidence to support the trial court's determination of a sufficient pause *between* the two groups of contacts. When it comes to the use of a phone, the passage of 30 minutes is a significant break in activity; defendant was not in the same physical space as TZ and would have been able to do any number of things in that period of time, such as watching a half-hour television show, the typical length of a late local news broadcast and many other programs. But, in addition to evidence that 30 minutes passed between the two groups of contacts, the state presented evidence that the second group was directed at a different subject from the first—the return of defendant's coin. Viewed as a whole, that evidence was sufficient to show that the 30-minute pause between the two groups of contacts afforded defendant an opportunity to renounce his criminal intent, and the trial court did not err in treating the resumed contact as a separately punishable violation.

We therefore reverse and remand for merger of the findings on Counts 1 through 3, and merger of the findings on Counts 4 and 5, so that the judgment reflects only two findings of contempt for violating the restraining order. The parties agree that, because the court entered a single sanction for all five counts, resentencing is not required.

Reversed and remanded for entry of judgment reflecting two findings of contempt; otherwise affirmed.