***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted April 1, affirmed August 31, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AUDREY RAISA GIRT,
*Defendant-Appellant.*

Clatsop County Circuit Court
20VI81456, 20VI130048, 20VI139570;
A175824 (Control), A175825, A175826

Edward J. Jones, Senior Judge.

Audrey Girt filed the brief *pro se*. Also on the brief was Brady Girt.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals from the trial court's judgment on a violation citation that found her guilty of two counts of dog running at large, ORS 609.060, and three counts of maintaining a dog that is a public nuisance, ORS 609.095. She pleaded not guilty and the cases were combined for trial. Ultimately, the court found defendant guilty of the cited violations. It imposed a $1,000 fine and ordered defendant to pay Clatsop County $6,500 for housing the dogs during the pendency of the litigation.

On appeal, defendant raises five assignments of error. Her first challenges the trial court's order denying her father's motion to intervene in the cases. Her second challenges the trial court's exclusion of her exhibits. Her third asserts that she could not be cited under ORS 609.060 because her dogs met the definition of livestock guardian dogs in ORS 609.035. Her fourth claims immunity from the charges based on statutes that govern farm practices. Her fifth challenges the operating authority for the Clatsop County Dog Control District. For the reasons explained below, we reject defendant's assignments of error and affirm the trial court's judgment.

The record contains information about only one of the incidents for which defendant was cited, in which defendant's dog attacked and injured a neighbor's dog. In response to a request for reporting party declarations, the trial court received three eyewitness statements about the attack, one from the injured dog's owner and two from her family members who were with her at the time. All three described that they were taking a walk with their dog when defendant's dog entered the road and, without provocation, attacked their dog. The family dog suffered injuries that required veterinary attention and both the family dog and the family members who witnessed the attack (including young children) suffered trauma. Attached to the declaration were an apology letter from defendant, taking responsibility for her dog's actions, color photographs of the family dog's injuries, and a map showing the location of the attack. The record before us does not contain any information about the other

two incidents, although the judgment indicates that defendant and two law enforcement officers testified at the trial.

While the case was pending, defendant's father filed a motion to intervene. He argued that intervention should be granted based on his "interest and necessity of maintaining the right to farm and forestry and the rights inherently needed to succeed in farming and integrated forestry even within neighborhoods without real and actual exposure to farming and modern integrated agroforestry." His motion explained that defendant's dogs assisted his farming practices and that "because the picture of [defendant's] farming and agroforestry grazing is integrally intertwined with [father's] and her understanding of the legal aspects has deferred to his, her defen[s]e without his intervention would only be partial and not complete." He concluded that he had established a right to intervene under ORCP 33 because he was "a father, a mentor, and the said [allegation] of violations being a part of his partnership with [defendant], and [defendant's] work being an essential component of [father's] farming and forestry." The trial court denied the motion.

Defendant filed identical notices of appeal in each case. She designated as the record on appeal the trial court file, "all exhibits that were submitted to the court including those that were not allowed by the Judge," and the motion to intervene. Defendant specifically did not designate the transcript on appeal because it was "not relevant to the points of the appeal." The cases were consolidated for appeal.

On appeal, defendant raises the five assignments of error listed above. In response, the state argues that all her assignments of error are unpreserved and that none of them rise to the level of plain error.

Initially, we do not agree with the state's argument that defendant's first assignment of error was unpreserved because defendant did not designate the transcript as part of our record. Preservation requires that issues raised on appeal be first raised in the trial court. ORAP 5.45(1). Here, defendant's father filed a motion to intervene that set out his arguments under ORCP 33. Defendant's opening brief repeats those same arguments on appeal. Defendant

preserved her assignment of error challenging the trial court's denial of her father's motion to intervene.

However, that does not end our inquiry. We still must decide whether defendant's issue is reviewable. It is the appellant's responsibility to designate a record that is sufficient for us to review the assignments of error. ORAP 5.45. If the record is insufficient, we may decline to review the issue. ORS 19.365(5).

Regrettably, defendant did not designate the transcript on appeal, believing that it was not relevant to the issues. In fact, the trial transcript was a necessary part of the appellate record because it would have provided us with the information that we need to decide defendant's claims of error.

As to defendant's first assignment of error, without the transcript we have no way of knowing whether the trial court made any oral rulings on the issues on the day of trial before it denied the motion, or if it did, what those rulings were. We would need to know that information to be able to evaluate defendant's assignment of error. Accordingly, we conclude that defendant's assignment of error is unreviewable.

Defendant's second through fifth assignments of error were not included in her father's brief. Without the transcript we have no way of knowing whether they were raised at trial. Therefore, we cannot conclude that defendant's issues were preserved.

When an issue is not preserved below, the appellant can nonetheless ask us to review for "plain error." ORAP 5.45(1), (4)(b), (7). Plain error review is a two-step process. We must first determine that the error is plain, which means that it is "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If those three elements are met, we then must determine whether to exercise our discretion to correct the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Defendant has asked for plain-error review in this case.

Here, we begin and end with the first step in the process. Defendant's remaining assignments of error do not involve errors of law that are obvious and not reasonably in dispute. On the second assignment of error, there is nothing in the record that shows that defendant submitted exhibits that were rejected. Nor are defendant's assertions in her notice of appeal and opening brief legally sufficient evidence from which we can conclude that she submitted exhibits that the trial court rejected. We thus have no basis to conclude that there was any error of law, let alone one that was obvious and not reasonably in dispute.

Defendant asserts that we have the authority to decide her third through fifth assignments of error because they involve statutory interpretation, but defendant is incorrect. On her third and fourth assignments of error, defendant is not asking us to interpret a statute; rather, she is asking us to determine whether the facts in her case implicate the statutory authorities she cites. The record before us does not reflect obvious and undisputed legal error on either of those assignments of error. Further, defendant's fifth assignment of error would require us to resolve a statutory issue of first impression that does not appear to be beyond dispute, which is an undertaking generally incompatible with plain error review. *See generally State v. Urbina*, 249 Or App 267, 271, 278 P3d 33, *rev den*, 353 Or 103 (2012) (observing that the unpreserved issue of whether downloading constitutes duplication was a question of "first impression" and therefore not plain error).

We are mindful of defendant's *pro se* status in the trial court and on appeal and that as a *pro se* litigant, defendant may not have appreciated the importance of designating the transcript. However, designation of the record is the appellant's responsibility. *See Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007) ("An appellant bears the burden of providing a record sufficient to demonstrate that error occurred."). Those rules apply equally to *pro se* litigants. *See, e.g.*, *C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015). Because defendant explicitly and affirmatively chose not to make the transcript a part of our record, we do not consider whether we should revisit those holdings, or whether under different facts we would use our discretionary

authority under ORAP 3.05(3) to supplement the record on appeal.

In sum, defendant's first assignment of error is preserved, but unreviewable on the record before us. Defendant's second through fifth assignments of error are unpreserved on our record, and there is no plain error. The judgment of the trial court is affirmed.

Affirmed.