110 April 17, 2024 No. 246

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN BUCK UNGER,
*Defendant-Appellant.*

Lincoln County Circuit Court
21CR54708; A179938

Amanda R. Benjamin, Judge.

Submitted March 14, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

After a settlement conference, and based on stipulated facts, the trial court found defendant guilty of two counts of driving under the influence of intoxicants (DUII), ORS 813.010(4). On appeal, in a single assignment of error, defendant argues that the trial court erred in failing to merge the two guilty verdicts into a single conviction under ORS 161.067(3), which provides in part that repeated violations of the same statutory provision are separately punishable if they are separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." For the reasons explained below, we affirm.

We review a trial court's merger rulings "for legal error and are bound by the trial court's factual findings if there is constitutionally sufficient evidence in the record to support them." *State v. Moore*, 319 Or App 136, 144, 510 P3d 907, *rev den*, 370 Or 303 (2022). "[T]o support the entry of multiple convictions for the same offense under ORS 161.067(3), one crime must end before another begins *and* each crime must be separated from the others by a sufficient pause in the defendant's criminal conduct to afford him an opportunity to renounce his criminal intent." *State v. West-Howell*, 282 Or App 393, 397-98, 385 P3d 1121 (2016), *rev den*, 361 Or 312 (2017) (emphasis in original).

Here, the trial court did not err in ruling against merger. In November 2021, defendant drove a vehicle to a local bank. Defendant parked the vehicle, went into the bank, and remained inside for over 30 minutes. While defendant was at the bank, an assistant manager called police to report that defendant appeared extremely intoxicated. When he left the bank, defendant drove to a gas station, where he was arrested. A breath test indicated that he had a blood alcohol content of 0.22 percent.

On appeal, defendant argues that the trial court should have merged the two guilty verdicts because the criminal activity before and after his time in the bank was identical. We are not persuaded. As the trial court explained, "defendant parked the vehicle and spent time

inside the bank where he walked around, had conversations, and had enough time to appreciate his level of intoxication. The defendant then made the choice to get back in the vehicle and drive again." Defendant's time and conduct inside the bank afforded him an opportunity to renounce his criminal intent. Instead of doing so, defendant got back into the vehicle and drove to a gas station, which constituted a new crime of DUII. Viewed as a whole, there was evidence of a sufficient pause and separate crimes such that the trial court did not err in treating the two offenses as separately punishable. *See, e.g.*, *State v. Zachery*, 304 Or App 476, 480, 467 P3d 827 (2020) (declining to merge findings based on two groups of contacts because they were separated by 30 minutes and the second group of contacts concerned a different subject).

Affirmed.