Argued and submitted March 1, reversed and remanded with instructions
to merge UUV convictions into one conviction for UUV and for resentencing;
otherwise affirmed May 8, 2013

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## BRANDON CHRISTOPHER HANEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
111034432; A150603

301 P3d 445

Bear Wilner-Nugent argued the cause and filed the brief for appellant.

Douglas F. Zier, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

Defendant appeals a judgment convicting him of two counts of unauthorized use of a vehicle (UUV), ORS 164.135(1)(a). Those convictions arose from a single incident in which defendant was driving a car in Oregon without the permission of the owner or of a tow yard that had a lien interest in the car. Defendant contends that the trial court erred in failing to merge the two convictions under ORS 161.067(2) because the owner of the car and the tow yard owned joint interests in the car. We agree and, therefore, reverse and remand.

We recite the relevant facts, which are undisputed, from the limited record in the case. The UUV charges were based on an incident in which defendant came into possession of a car and drove it from Washington to Oregon. How defendant came into possession of the car is not clear from the record, but the record does establish that the car's owner was hospitalized at the time and did not authorize defendant's use of it.

While defendant was still in Washington, he was stopped by a police officer, who had the car towed because defendant was driving without a license. Defendant then broke into the tow yard, took the car, and drove it to Oregon, where he was once again stopped by the police. Defendant was charged with two counts of UUV, one listing the owner as the vehicle's owner and the other listing the owner as the tow yard, and two counts of possession of a stolen vehicle.

The tow yard had a lien interest in the car as security for payment of the tow that it had performed after defendant was stopped for the first time. After the car was recovered from defendant in Oregon, it was returned to the tow yard, which auctioned it before the owner was able to claim it.

At trial, defendant pleaded guilty to the two UUV counts in exchange for the state agreeing to dismiss the two counts of possession of a stolen vehicle. At sentencing, defendant contended that the two UUV convictions should merge because they were based on the same conduct—*viz.*, defendant operating the car in Oregon without the

permission of its owner. Specifically, defendant contended that the two convictions should merge because the owner of the car and the tow yard are considered a single victim under ORS 161.067(2). The state responded that defendant's argument was not timely because it had discussed merger with defendant at the time that defendant had pleaded guilty to the two UUV counts. The state further argued that separate convictions were justified because the owner and the tow yard held different property interests in the car. The court did not merge the convictions.

Defendant appeals, contending that the court erred in failing to merge his convictions under ORS 161.067(2). The state responds that the court was not required to merge defendant's convictions because the owner and the tow yard did not own joint interests in the car.[1]

ORS 161.067(2) provides, in part:

"When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:

"* * * * *

"(b) Unauthorized use of a vehicle as defined in ORS 164.135."

Thus, the number of separately punishable offenses for a crime is equal to the number of victims unless the victims *own joint interests* in property that is the subject of, among

---

[1] The state also contends that defendant's merger argument was untimely and, hence, the court did not err in rejecting it. We have previously rejected that argument, concluding that, "as a legal matter, the time to address a merger claim is post-verdict, not at or before a plea hearing, or during trial." *See State v. Bowers*, 234 Or App 301, 307, 227 P3d 822, *rev den*, 348 Or 621 (2010); *see also State v. Salvador*, 237 Or App 424, 433, 241 P3d 324 (2010) (rejecting the state's argument that a defendant failed to preserve an argument that multiple convictions should merge because the defendant did not raise the argument until sentencing).

The state does not argue, and nothing in the record suggests, that the plea agreement precluded defendant from seeking merger. We therefore reject the state's contention that defendant's merger argument was untimely.

other crimes, UUV.[2] Therefore, determining whether a defendant is guilty of multiple separately punishable counts of UUV under ORS 161.067(2) depends on whether the defendant's conduct involved more than one victim and, if it did, whether the victims owned joint interests in the vehicle that the defendant was using without permission.

To determine the victims of a crime for purposes of ORS 161.067(2), we look to the statute that defines the crime. *State v. Sanchez-Alfonso*, 224 Or App 556, 560, 198 P3d 946 (2008). Accordingly, we turn to ORS 164.135(1)(a), which provides, in relevant part, "A person commits the crime of unauthorized use of a vehicle when * * * [t]he person takes, operates, exercises control over, rides in or otherwise uses another's vehicle * * * without consent of the owner[.]" "Owner," for purposes of UUV, is defined as "any person who has a right to possession [of a vehicle] superior to that of the taker, obtainer or withholder." ORS 164.005(4). Thus, a person commits UUV by, among other things, operating or exercising control over a vehicle without the consent of any person whose right to possession of the vehicle is superior to that of the person operating or exercising control over the vehicle.

Although those statutes do not expressly address whether an owner, as defined in ORS 164.005(4), is a victim for purposes of ORS 161.067(2), we conclude that that is the case. Ordinarily, when the conduct that a statute criminalizes is conduct directed at property, "it is reasonable to conclude that, for purpose of ORS 161.067(2), the victim of the crime * * * is the owner of the property." *State v. Luers*, 211 Or App 34, 65-66, 153 P3d 688 (2007). Furthermore, the conduct that ORS 164.135(1)(a) criminalizes is use of a vehicle without the permission of a person who has a right to possession of the vehicle superior to that of the defendant, and it is therefore evident that the statute was intended to protect people with those superior possessory rights from being denied

---

[2] The other crimes listed in ORS 161.067(2) are theft (ORS 164.015), criminal possession of rented or leased personal property (ORS 164.140), criminal possession of a rented or leased motor vehicle (ORS 164.138), burglary (ORS 164.215; ORS 164.225), criminal trespass (ORS 164.243; ORS 164.245; ORS 164.255; ORS 164.265; ORS 164.278), arson and related offenses (ORS 164.315; ORS 164.325; ORS 164.335), and forgery and related offenses (ORS 165.002 - 165.070).

possession of the vehicle. Consequently, we conclude that owners, as that term is defined in ORS 164.005(4), are UUV victims for purposes of ORS 161.067(2).

The parties do not dispute that the owner and the tow yard are both owners and, therefore, victims for purposes of ORS 161.067(2). Thus, the dispute between defendant and the state reduces to a disagreement about whether ORS 161.067(2) considers the owner and the tow yard to be a single victim. Defendant contends, in essence, that ORS 161.067(2) considers two persons to be a single victim when the victims simultaneously have an interest in the property that is the subject of the crime, regardless of the nature of the interests that they each hold. The state contends that ORS 161.067(2) considers two victims to be a single victim only when the victims have equal interests in the property, such as a husband and wife who own property together, and does not consider two victims to be a single victim if those victims have qualitatively different property interests. The state contends that the reason that ORS 161.067(2) considers the victims in the former but not the latter circumstances to be a single victim is because victims who have qualitatively different property interests suffer different types of harm.

As we explained above, for purposes of UUV, a victim is a person who has a right to possession of the property that is superior to that of the defendant. The harm that UUV protects against is the loss of a person's ability to possess a vehicle as a result of a defendant's use of the vehicle without the person's permission. Thus, when a defendant uses a vehicle that is owned by a husband and wife who have equal rights to possession of the vehicle, both victims are denied the ability to possess the car, and consequently, are victims of UUV. When a defendant uses a vehicle that is owned entirely by one person and in which another person has a lien interest entitling that person to possession of the vehicle, as apparently is the case here, both of those people are also denied the right to possession, and consequently, are victims of UUV. Although, admittedly, the property interests held by the owner and the lienholder are distinct, the interest that a defendant infringes on in committing UUV

is their possessory interest and, thus, the defendant causes the same infringement of the right to possess the vehicle that both parties have, despite their differing interests.

Stated another way, contrary to the state's contention, both the husband and wife and the owner and lienholder in the circumstances in this case suffer the same infringement when a defendant unlawfully uses their vehicle, *viz.*, denying two victims the ability to possess the vehicle contrary to their possessory right. Consequently, we conclude that, when two people are "owners" for purposes of UUV, such that each has a possessory interest in a vehicle that is superior to that of a defendant who used or operated it without the owners' permission, ORS 161.067(2) treats the two victims as a single victim for purposes of determining the number of separately punishable offenses because the victims own "joint interests" in the vehicle.

We reached a similar interpretation of ORS 161.067(2) in the context of burglary in *State v. Lucio-Camargo*, 172 Or App 298, 18 P3d 467 (2001), *vac'd and rem'd*, 334 Or 491, 52 P3d 1056 (2002), *adh'd to on remand*, 186 Or App 144, 62 P3d 811 (2003), *vac'd*, 336 Or 422, 86 P3d 1139 (2004).[3] In that case, the defendant entered an apartment where the two victims were living with a number of other people. *Id.* at 300. The defendant pointed an air chisel, which looked like a pistol, at one of the victims and, after she fled the apartment, pointed it at the other victim, threatening to kill her.

The defendant was charged with and convicted of two counts of burglary, one alleging that he had entered the apartment unlawfully, intending to assault the first victim, and one alleging that he had remained there unlawfully, intending to menace the second victim. *Id.* at 301. He requested that the court merge the two burglary convictions, but the court denied that request. On appeal, we analyzed whether ORS 161.067 required the court to merge the two convictions.

---

[3] Although the Supreme Court vacated our decisions, we have subsequently applied their reasoning. *See State v. Sanchez-Alfonso*, 224 Or App 556, 562-63, 563 n 2, 198 P3d 946 (2008).

We explained that the language in ORS 161.067(2) providing that "two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of" burglary was

"an express legislative determination that, for purposes of burglary statutes, the 'victim' is unitary, regardless of the number of owners or residents of the property or the persons against whom the burglary conduct is directed. As applied to this case, the statute requires treating [the two victims] and any others with joint interests in the apartment as a single victim for purposes of imposing convictions. Therefore, ORS 161.067(2) also does not authorize separate convictions for defendant's conduct."

*Id.* at 309.[4] Thus, we concluded that the victim, for purposes of burglary, is unitary, *"regardless of the number of owners or residents."* Although we did not expressly say so, that conclusion implied that ORS 161.067(2) considers the victims of the listed crimes to be a single victim regardless of the number, or *type*, of interests that people hold in the property.

We reaffirmed our conclusion that ORS 161.067(2) represents an express determination that, for purposes of burglary, the victim is unitary, regardless of the number of residents of the property, in *Sanchez-Alfonso,* 224 Or App at 562-63. We further stated that ORS 161.067(2) provides that, when "multiple people share rights in property, they are considered one victim." *Id.* at 562.

*Lucio-Camargo* and *Sanchez-Alfonso* support our conclusion that ORS 161.067(2) treats two people who are "owners" for purposes of UUV as a single victim when determining the number of separately punishable offenses because those victims own joint possessory interests in the vehicle that is the subject of the crime. Consequently, we conclude that the trial court erred in refusing to merge

---

[4] We recognize that, in explaining the purpose of ORS 161.067(2), we imprecisely referred to the "legislative determination," despite the source of ORS 161.067 being a voter initiative. *See* Or Laws 1987, ch 2, § 13 (providing that ORS 161.067 was enacted as part of the "Crime Victims' Bill of Rights" initiative).

defendant's convictions for UUV because ORS 161.067(2) considers the owner and the tow yard to be a single victim.

Reversed and remanded with instructions to merge UUV convictions into one conviction for UUV and for resentencing; otherwise affirmed.